NEW JERSEY WATER SERVICE COMPANY ET AL., APPELLANTS, v. BOROUGH OF BUTLER, RESPONDENT.

Submitted February 15, 1929—Decided February 3, 1930.

For the appellants, *Benjamin Treacy*.

For the respondent, *Jacob W. De Yoe* and *Elmer King*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The borough of Butler is a municipality located in the county of Morris. The New

Jersey Water Service Company is a public utility corporation engaged in supplying water to the boroughs of Butler, Bloomingdale and Pompton Lakes from two reservoirs owned by it, one of which is located in the county of Morris and the other in the county of Passaic. The water is distributed by it through mains running from these reservoirs to and into the several municipalities above designated.

In the month of September, 1927, the New Jersey Water Service Company was directed by the board of public utility commissioners pursuant to legislative authority conferred upon the board to expend the sum of $45,000 in the improvement and development of its service; and in compliance with this command the water company had expended the sum of $7,443.08 prior to the 12th of March, 1928, and since that date has further expanded and improved its service and is still continuing to do so.

On the 10th of October, 1927, the borough of Butler adopted an ordinance providing for the acquiring of the water works system and plant of the New Jersey Water Service Company, claiming that authority for such acquisition had been conferred upon it by article 32, subdivision C, of chapter 152 of the laws of 1917, commonly known as the Home Rule act. Subsequently it attempted to acquire by purchase from the water company the plant of the latter with all of its appurtenances, and failing in this attempt it instituted condemnation proceedings for the purpose of acquiring the same. Its petition for the appointment of commissioners was presented on May 12th, 1928; a hearing thereon was had on June 4th, then next, and an order appointing commissioners was made on the same day. The order of appointment required the commissioners to make their return on or before the 1st day of May, 1929. Thereafter a writ of *certiorari* was allowed to the water company to review the validity of the condemnation proceeding; and after a hearing had before the Supreme Court upon the return of the writ the proceeding was affirmed. The appeal now before us is from the judgment affirming the proceeding.

The legal problem presented by this appeal is, in essence, identical with that involved in the case of the *Passaic Consolidated Water Co.* v. *McCutcheon, Clerk, et al., ante, p.* 437. In the cited case the cities of Paterson, Passaic and Clifton sought to acquire by condemnation the water works, rights, franchises and property of the Passaic Consolidated Water Company, basing their right to do so upon chapter 195 of the laws of 1923. This statute conferred upon municipalities two or more in number the right to acquire either by purchase or condemnation, and operate, privately owned water works supplying water therein and in other municipalities, if any, in which water is supplied by the same water works, together with the franchises, rights and any or all other appurtenant property of the owner or owners of such works. The statute further provided that in case condemnation proceedings should be necessary for such acquisition, such proceedings should be conducted in pursuance of and in the manner prescribed by the Eminent Domain act of 1900, the title to which is, "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use." The water company applied for and was allowed a writ of *certiorari* to review the legality of the condemnation proceedings, and upon the hearing had upon the return of the writ those proceedings were affirmed by the Supreme Court. On a review by this court the judgment of the Supreme Court was reversed. In the opinion filed, we called attention to the fact that the Eminent Domain act required that the amount to be paid by the condemning agency to the property owner for the land or other property sought to be acquired and for the damage resulting from the taking, should be fixed as of the date of the filing of the petition for the appointment of commissioners and the order made thereon. We then pointed out that the order appointing commissioners was dated April 24th, 1928, and the limit fixed for the making of the return by them was May 1st, 1929; that the water company was under the duty and subject to the orders of the public utility commission to make such extensions, improvements and betterments as might be

required to render adequate service to the communities which it served, and to continue to do this so long as it remained in the ownership and control of the water works, rights and appurtenances thereto; and that by force of the statute, all expenditures made by the water company after the appointment of commissioners would be excluded from the amount which they were entitled to receive by way of compensation from the condemning agency. A consideration of these facts led us to the conclusion that the provision of the statute of 1900 regulating the fixing of the amount to be paid to the property owner in a condemnation proceeding, did not provide just compensation for the taking of the property of the Passaic Consolidated Water Company, with its rights and franchises, and that therefore such taking would be a violation of the constitutional provision which declares that private property shall not be taken for public use without just compensation being made. As a consequence of this view, the order appointing commissioners was considered to be without legal support, and the judgment of the Supreme Court was reversed.

The fundamental facts in the Passaic Consolidated Water Company case, as is apparent from the recital thereof herein, are practically identical in their legal aspect with those in the case now before us; and the proceedings now under review were instituted in accordance with the authority conferred by the Eminent Domain statute. This being so, the decision in the earlier case is controlling in our determination of that now under review.

The judgment below will be reversed and the case remitted to the Supreme Court with the direction that judgment be entered in its records setting aside the order appointing commissioners.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, LLOYD, CASE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.