189 P.2d 907

ARIZONA CORPORATION COMMISSION et al. v. TUCSON GAS, ELECTRIC LIGHT & POWER CO.

No. 5042.

Supreme Court of Arizona.

Feb. 20, 1948.

Evo De Concini, Atty. Gen., and Chas. D. McCarty, Asst. Atty. Gen., for appellants.

Jennings, Strouss, Salmon & Trask, J. A. Riggins, Jr., Henry S. Stevens and Burr Sutter, all of Phoenix and Darnell, Robertson & Holesapple, of Tucson, for appellee.

Conner & Jones, of Tucson, amicus curiae.

STANFORD, Chief Justice.

This case comes here on appeal from the Superior Court of Maricopa County from a judgment of that court vacating, setting aside and annulling certain orders of the Corporation Commission of the State of Arizona made on the complaint of Albert S. Oshrin, Carl Racklyeft, the 11th Naval District of the U.S. Navy Department, and others, asking that they be served with gas and electricity from The Tucson Gas, Electric Light and Power Company, a corpora-

tion (appellee herein) which is a public utility serving the City of Tucson and vicinity.

The order of the Corporation Commission, which was vacated by the Superior Court, required that the appellee herein make such capital additions, improvements and extensions necessary to serve the parties applying for such service.

The Corporation Commission apparently knew it had no right to construe the constitutionality of Section 27-916, A.C.A. 1939, it being its duty to assume that the law was constitutional. Therefore, when it was appealed to by Albert S. Oshrin and others, asking that they be served with gas and electricity the Commission ordered The Tucson Gas, Electric Light and Power Company to render such service upon the premise that the courts would do justice to the utility by not taking its property without just compensation.

The order and judgment of the Superior Court was based on the grounds that the order of the Arizona Corporation Commission in granting the request of the applicants for service, as above stated, resulted in taking property without just compensation and without due process of law and was unconstitutional.

In other words, the court in construing the ruling of the Corporation Commission considered that it was bound by the United States Circuit Court's construction of the Arizona law, to the effect that Section 27-916, supra, was constitutional, but the Superior Court nevertheless held that the city could not take the utility's property without just compensation, and, therefore, that court voided the order of the Corporation Commission. In effect, the Superior Court, instead of declaring the statute (Section 27-916) invalid and unconstitutional in spite of the ruling of the Federal Court held the order of the Corporation Commission unconstitutional, i.e. the constitutional objection was successfully invoked against the public itself, and all progress stopped while the condemnation suit is pending.

In the complaint filed by the appellee in the Superior Court the following was set forth: "That there is now and has been since the 12th day of January, 1944, pending in the United States District Court, District of Arizona at Tucson, Arizona, an action brought by the City of Tucson, Arizona, under Articles 6 and 26 of Chapter 16, Arizona Code Annotated 1939, and Article 9, of Chapter 27, Arizona Code Annotated 1939, to condemn and take all of plaintiff's property used and useful in its business as a public service corporation; that the summons and a copy of the complaint in said action were served on the plaintiff on the 17th day of January, 1944. That the United States Circuit Court of Appeals for the Ninth Circuit, on appeal by said City of Tucson from an order dismissing said condemnation action brought by said City, reversed said order and held that Section 27-916, Arizona Code Anno-

tated 1939, fixing the time of determination of damages and compensation in condemnation by a municipality of the property of a public utility as of the date of service of summons and allowing no compensation for additions, betterments or improvements made between the date of service of summons and the final order of condemnation, is not unconstitutional as failing to provide for just compensation, and said decision is now the law of such case, and further that said United States District Court for the District of Arizona at Tucson, has refused and still refuses to permit plaintiff to put in issue or seek the recovery of compensation for additions, extensions, betternments or improvements made to its property after the service of summons in said action. * * *"

Section 27-916, A.C.A. 1939, which the United States Circuit Court of Appeals for the 9th Circuit declared, as shown by the case of City of Tucson v. Tucson Gas, Electric Light & Power Co., 152 F.2d 552, was not unconstitutional, is as follows: "Damages and value fixed from date of summons—For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the summons, and its actual value at that date shall be the measure of compensation and damages. If an order be made letting the plaintiff into possession prior to final judgment, the compensation and damages awarded shall draw legal interest from the date of such order. No improvements placed upon the property subsequent to the date of service of summons shall be included in the assessment of compensation or damages."

By observing the last sentence of Section 27-916, supra, we can observe the dilemma of the appellee, but the judgment of the Superior Court, from which this appeal is taken, states that the decisions and orders of the Corporation Commission "are hereby vacated, set aside and annulled upon the grounds that the orders result in taking property without just compensation and without due process of law and are therefore unconstitutional."

Appellant presents two assignments of error which are as follows:

"I. The Court erred in denying appellants' Motion to Dismiss and in entering judgment for appellee for the reason that it appears on the face of the complaint that appellee's entire case rests upon a presumption that the United States District Court for the District of Arizona will at some future date take certain of appellee's properties without providing just compensation to appellee, and therefore said complaint wholly fails to state a claim upon which relief may be granted.

"II. The Court erred in denying Appellants' Motion to Dismiss and in entering judgment for appellee for the reason that it appears on the face of the complaint that the orders complained of were made by the Arizona Corporation Commission in the ex-

-ercise of specific powers conferred upon it by the Constitution of Arizona and were in all respects legal and valid orders, and therefore said complaint wholly fails to state a claim upon which relief may be granted."

One of the principal contentions of the appellant is that: " * * * If this court now upholds the power of the Corporation Commission to make the orders, there will be presented to the Federal Court the conflict above referred to, and the opinion of this court will serve as a guide to the Federal Courts so that the conflict will be resolved in a manner most consonant with the public policy of this state. Furthermore, if the court remains unimpressed by the argument on appellants' First Assignment of Error and assumes, as did the lower court, that the condemnation action will proceed to judgment, then the real issue of the case is whether Section 27-916 is a limitation on the power of the Corporation Commission, the question expressly left undecided by the Circuit Court of Appeals. * * *"

Among cases cited by appellants are the cases of City of Los Angeles v. Blondeau, 127 Cal.App. 139, 15 P.2d 554, and the Washington case of Public Utility Dist. No. 1 v. Washington Water Power Co., 1944, 20 Wash.2d 384, 147 P.2d 923, 927. From the latter case we quote:

"* * * The general rule is that improvements and betterments placed upon property condemned for public use are subject to the judgment of award. 2 Lewis, Eminent Domain, 3rd Ed., p. 1319, § 742, and p. 1704, § 962. In § 962, it is said:

" 'The right of the owner to use and enjoy the property until it is actually taken is undoubted. But his right to place improvements upon it and to recover the value of such improvements presents a question of more difficulty. Somewhere in course of the proceedings a point of time must be fixed upon with reference to which the damages shall be assessed and to which the title shall relate. We have heretofore given our reasons for selecting the filing of the petition as the point of time referred to in the absence of any statutory provision. But, wherever that point of time is fixed, up to that point of time the owner may put improvements upon his property and recover their value, but after that point of time improvements will be made at the risk of being taken without compensation. This seems to us the plain conclusion from the reason of the matter.' "

In the above-quoted case it is further stated: "This rule, however, may not afford 'just compensation' to a public utility the property of which is the subject of condemnation. In proposing that the judgments provide for compensating defendant for improvements and betterments, plaintiffs recognize what is obviously true: That defendant, as a public utility, may be under the necessity of making improvements to and extensions of its physical

properties, the cost of which cannot properly be absorbed as expense of maintenance and operation. For any such betterments and improvements as may be reasonably necessary and prudently made between the date of the awards and the orders of appropriation, the defendant is entitled to compensation; and the judgments should so provide."

We think the law in this case is sound for there should be remuneration to a utility whose assets have been condemned and payment should be made to it for a required investment to carry on its business before final judgment is had. However, we fail to find anything in the code of the State of Washington that is similar to our Section 27-916, supra, "No improvements placed upon the property subsequent to the date of service of summons shall be included in the assessment of compensation or damages".

The city's action was brought under Articles 6 and 26 of Chapter 16, A. C. A. 1939, and the determination of the fair valuation of appellee's property is under Subsection 3 of Section 16-604, A.C.A. 1939. Subsection 3 of Section 16-604, supra, reads as follows: "By a court of competent jurisdiction, sitting to ascertain the compensation for the taking of private property for public use under the provisions of chapter 23, Revised Code of 1928."

The governing provisions of Article 9, Chapter 27, Revised Code of 1928 (27-901–27-921) is Section 27-916, A.C.A. 1939,

quoted above. The plain language of Section 27-916, supra, is that the value of appellee's property for which appellee may receive compensation is the value of such property at the date of service of summons in the condemnation proceedings, and "no improvements placed upon the property subsequent to the date of service of summons shall be included in the assessment of compensation or damages."

If this statute is constitutional then any improvements and additions placed upon or made to appellee's property after the date of service of summons will be taken by the city without any compensation whatsoever to the appellee.

Article 2, Section 17, of the Arizona Constitution, reads as follows: "Eminent domain.—Private property shall not be taken for private use, except for private ways of necessity, and for drains, flumes, or ditches, on or across the lands of others for mining, agricultural, domestic, or sanitary purposes. No private property shall be taken or damaged for public or private use without just compensation having been first made, or paid into court for the owner, and no right of way shall be appropriated to the use of any corporation other than municipal, until full compensation therefor be first made in money, or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived as in other civil cases

in courts of record, in the manner prescribed by law. Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such without regard to any legislative assertion that the use is public."

The statutory section provides a deadline beyond which the owner of the utility property may not act in adding to its value and receive compensation for such additions, and the constitutional provision provides that no property shall be taken for private or public use without just compensation having been made therefor and paid into court at the time of such taking. Therefore, the order of the Commission would require appellee to add improvements to its utility property for which no compensation could be received according to the provisions of Section 27-916, supra, and a violation of Article 2, Section 17, of the Constitution.

At first blush it might appear that the immediate question before us bears only on the validity of the extension orders of the Corporation Commission which were vacated by the trial court. However, a closer analysis discloses that the condemnation suit pending in the Federal Courts is inextricably entwined with the issues of this case; indeed the legal conflict we are here called upon to determine would never have arisen were it not for the condemnation proceedings instituted by the City of Tucson.

We are not unmindful of the salutary rule that a court will decline to rule on the constitutionality of a statute unless the issue is squarely presented by an instant justiciable controversy. 16 C.J.S., Constitutional Law, § 94. We believe, however, that a determination of the constitutional question is essential to the deciding of this case. Furthermore the exigencies of public policy, and of this controversy, require that this court, as the final arbiter of the laws of this state (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487), now establish the nonapplication of Section 27-916, supra, to condemnation proceedings against public utilities.

The constitutional provision must take precedence over the statutory provisions of Section 27-916, supra. The statutory provision is unconstitutional when applied to the taking of public utility properties. It occurs to us that the eminent domain statute of the State of Arizona was created for no other purpose than the condemnation of real estate and its appurtenances. We conclude that the condemnation statute, as a whole, is wholly inadequate, inappropriate, inapplicable, and insufficient as a means of assessing the compensation to be paid to a public utility for its physical properties and additions thereto made under compulsion of law.

The Court of Errors and Appeals of New Jersey in Passaic Consolidated Water Company v. McCutcheon, 105 N.J.L. 437, 144 A. 571, passing upon an identical situation, has held that a law requiring the value of a public utility company's property to be fixed as of the date of filing of a condemnation complaint is insufficient to afford a privately owned public utility company a full and complete method for obtaining just compensation for its properties, in that it fails to provide any method of compensation for extensions, betterments, and improvements, as it may be obliged to make to its property during the pendency of the condemnation proceedings to render adequate service as a public utility. That court held that the owner of a public utility property is not required to submit its property to such jeopardy; that it must be afforded a remedy to which it can resort of its own motion to obtain just compensation; and that as an owner of public utility property, it shall not be obliged to have its property subjected to condemnation under such statutes. The New Jersey Circuit Court of Appeals reaffirmed this opinion in New Jersey Water Service Co. v. Borough of Butler, 105 N.J.L. 563, 148 A. 616.

Article 9 of Chapter 27, A.C.A. 1939, being wholly silent as to any procedure by which such value may be ascertained, would clearly permit the taking of property without due process of law, in contravention of Article 2, Section 4 of the Constitution of the State of Arizona and in contravention of Section 1 of the Fourteenth Amendment of the Constitution of the United States.

Since we have held that the condemnation procedure provided for in Section 27-916, supra, is unconstitutional in so far as it is attempted to be applied to the taking of property of public utilities, we conclude that the orders of the Corporation Commission appealed to the Superior Court were valid and within the jurisdiction of the Corporation Commission. A public utility, such as appellee, is under the duty and subject to the orders of the Corporation Commission to make such extensions, improvements, and betterments as may be required to render adequate service to the communities it serves. Article 15, Section 3, Constitution of Arizona and Section 69-222, A.C.A. 1939.

The judgment of the lower court is reversed with instructions to sustain the motion to dismiss directed to plaintiff's complaint.

LaPRADE and UDALL, JJ., concurring.