[No. 25391. *En Banc.* May 6, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Mary Elizabeth Frost, Respondent,* v. CLARENCE N. EATON *et al., Appellants.*[1]

*Lehrer & Marquis,* for appellants.

*John C. Hurspool* and *Cary M. Rader (Wm. Hickman Moore,* for counsel), for respondent.

GERAGHTY, J.—The relator, on behalf of herself and others similarly situated, filed her petition in the superior court for Walla Walla county, praying for a writ of mandate directed to the commissioners of Walla Walla county, requiring them to hold hearings upon her own and other applications for old age pen-

[1]Reported in 44 P. (2d) 803.

sion, under the provisions of chapter 29, Laws of 1933, p. 173 (Rem. 1934 Sup., § 9998-1 [P. C. § 4424-31] *et seq)*. An alternative writ was issued, and, upon trial to the court, judgment was entered in favor of the relator, and a peremptory writ granted commanding the defendants to

". . . forthwith conduct hearings on the several applications for old age pensions on file with the county auditor of said county in accordance with the provisions of law and in the order of the filing of said petitions and proceed with such hearings until all of the said applications have been heard and decided; to complete the said hearings at as early a date as is consistent with the taking of the evidence and findings thereon; that in determining the amount of such pensions, as such commissioners, you shall make such allowances as the necessity of each case shall demand, not to exceed thirty dollars per month, and shall not act arbitrarily or capriciously in arriving at the amount to be paid; that upon the determination of the rights of each applicant to a pension, to enter an order in the minutes of the board of county commissioners granting to each applicant found to be entitled thereto, a monthly pension stating therein the amount of such pension granted or denying the applicant a pension and stating the grounds thereof; and as said board of county commissioners, you shall immediately direct the county auditor of said county to issue warrants upon the county treasurer of said county, for the payment from the current expense fund of the county of pensions so awarded and deliver the said warrants to the applicants whose pensions have been granted, without regard as to whether any funds are available to retire such warrants, *and thereafter if no funds to pay the same are available, to provide such funds for the retirement of such warrants by the issuance and sale of bonds of said county or by such method as you as defendants may determine is more desirable.*"

Italics are used for the purpose of future reference. The defendants appeal.

The theory of appellants' defense, as stated in their brief, is (1) that the action is misconceived, as nothing had been budgeted for old age pensions, and the respondent's remedy is an action to compel the inclusion of a provision for pensions in the budget; (2) the claim that the evidence shows the complete inability on the part of the county to pay old age pensions; that the primary duty devolving upon the county commissioners was to maintain the governmental functions of the county, and that the budget for the year 1934 was set at a minimum required for county functions, and that it took the full ten mills allowable by law to be assessed to carry on those functions, even at the minimum appropriation, so that nothing was left for old age pensions.

Much evidence was introduced by appellants to sustain their contention, and other evidence offered was rejected by the court. All of the evidence introduced, however, was beside the question, since no attempt was made by appellants to make any provisions for pensions in compliance with the mandate of the law. Under the letter of the law, the payment of old age pensions is as much a governmental function of the county as the other functions to which the levy for current expense was devoted. Under the act, warrants allowed for pensions are to be drawn upon and paid out of the current expense fund.

The respondent and other applicants were entitled to have their applications heard and considered within the spirit of the law, and warrants issued for any claims allowed, upon the fund, and to have the warrants so issued treated on an equality with other warrants issued for current expense.

There is no merit in the contention that the respondent misconceived her remedy. The appellants can not plead their own failure to obey the statutory mandate

as a justification for the denial of respondent's claim. The record shows that for the current year $204,181 were appropriated for current expense. While the appellants neglected to include in this aggregate sum any specific item for old age pensions, nevertheless, under the terms of the act, pension allowances could be paid out of the fund on terms of equality with other current expenses. In any event, warrants could be drawn upon the fund.

The trial court seemed of the opinion that the current expenses could be materially reduced. Whether or not this could be done, it is not necessary to decide.

We are of the opinion that this case is wholly controlled by *State ex rel. McDonald v. Stevenson*, 176 Wash. 355, 29 P. (2d) 400, where it is said:

"It will be observed that nowhere in the judgment were the commissioners directed to draw warrants upon the county treasurer, or to provide funds for the payment of such pensions as the board should allow. The judgment, in so far as it granted affirmative relief, was in accordance with the provisions of the old age pension act; but it did not go quite far enough.

"Section 1 of the act, as above appears, provides that

" '. . . it shall be their [the board of county commissioners] duty, in making provisions for the support of the poor of the county, to provide funds in the county treasury for the purpose of carrying out the provisions of this act.' Rem. 1933 Sup., § 9998-1.

"Section 7, Rem. 1933 Sup., § 9998-7, provides that the commissioners, when they allow a pension, shall authorize the county auditor to draw his warrant upon the county treasurer for such payment 'out of the current expense fund of the county.' Under these provisions, it was the mandatory duty of the commissioners to provide the funds, as stated in § 1, and to draw the warrants, as stated in § 7.

"It is said, however, that the word 'shall,' as it appears in each of those sections, should be construed as 'may.' With this contention, we are not in accord. If

such a construction were adopted, it would mean that the time when the act would become operative rested in the discretion of the board of county commissioners. We see nothing in the act which would justify such a construction. The legislature made its meaning plain, and it should be carried out. It is the duty of the commissioners, under the act, to pay the pensions allowed to the applicants out of any funds available, and if no funds are available, then it is their duty to provide the funds, in so far as they have the lawful authority so to do. The judgment should have directed the county commissioners to pay the pensions out of any funds available, and, if no funds are available, to provide such funds.''

In one respect, we think, the judgment and peremptory writ went beyond the necessities of the case. In the part of the writ we have italicized, the trial court anticipated the possible depletion of the current expense fund and directed what should be done in that contingency. Its direction for the issue of bonds, as an alternative method of raising funds, requires the doing of something as to which the appellants may be entitled to exercise discretion. But the question does not call for an answer, because there was money in the current expense fund sufficient for the time being. It is more than likely, if pension warrants were issued upon the fund, the necessities of the fund would be a more potent force in compelling action by appellants than any order of the court.

This case, being before us, calls for disposition, although the issue involved is now practically moot. The boards of county commissioners of the several counties have found themselves between two horns of a dilemma. On the one side was the imperative mandate of the legislature that they grant old age pensions, and on the other, the equally imperative mandate of the electors, as reflected in the tax limitation initiatives, that they curtail expenses. Happily, the

recent legislature has solved this baffling problem by relieving them of the onerous burden imposed upon them without adequate means for supporting it.

The case will be returned to the trial court, with direction to modify its writ in accordance with this opinion. The respondent shall have her costs.

MAIN, BEALS, BLAKE, HOLCOMB, and TOLMAN, JJ., concur.

MITCHELL, J. (dissenting)—Understanding the legislature has made provision for such matters since the date of the judgment appealed from, I think the appeal should be dismissed. I therefore dissent.

MILLARD, C. J., concurs with MITCHELL, J.

STEINERT, J. (dissenting)—For the reasons given in the dissenting opinion in *State ex rel. McDonald v. Stevenson,* 176 Wash. 355, 29 P. (2d) 400, I dissent.