[No. 25598. Department Two. September 5, 1935.]

GEORGE C. SMITH, *Appellant*, v. SPOKANE COUNTY *et al.,*
*Respondents.*[1]

*John H. Roche,* for appellant.

*Ralph E. Foley* and *A. O. Colburn,* for respondents.

STEINERT, J.—Plaintiff brought this action to re-
cover the compensation provided in an existent legis-
lative act relating to indigent blind persons. Defend-
ants' demurrer to the complaint was sustained upon
the ground that the complaint did not state facts suf-
ficient to constitute a cause of action. Plaintiff elected
to stand upon his complaint, and the court thereupon

[1]Reported in 48 P. (2d) 918.

entered a judgment dismissing the action. From the judgment of dismissal, plaintiff has appealed.

Inasmuch as the issue in this case relates to the sufficiency of the complaint, its allegations must be considered with some particularity. We state the facts by indirect quotation from the pleading itself, and according to the tense in which it speaks.

Appellant, who is now seventy-one years of age, has continuously resided in Spokane county for the last fifteen years. In 1927, his eyesight became impaired, due to atrophy of the optic nerve. His condition has grown progressively worse, so that he is now almost totally blind and is unable to perform such ordinary tasks or duties for which eyesight is essential.

In August, 1933, appellant applied to the county commissioners of Spokane county for the compensation provided for in chapter 102, Laws of 1933, p. 417 (Rem. 1934 Sup. § 10007-1 [P. C. § 1702-21] *et seq.*) That act of the legislature will be referred to at some length a little later herein. The commissioners denied the application on the ground that appellant was ineligible for assistance, because it had not been shown that he had no relatives whose legal duty it was to provide such support and maintenance.

A year later, the appellant made a second application to the commissioners for relief under the 1933 act. Accompanying his application was a physician's certificate and the affidavits of two reputable citizens and residents of the county, setting forth the information required by the statute.

Appellant and his wife have for the last five years been without any means of support, other than the sum of thirteen dollars per month, derived from renting a part of the house in which they live and which is owned by the wife, and the further sum of from fifteen cents to twenty-five cents a day which appellant earns

by selling newspapers; out of the amount so received as rent, the taxes, insurance, light and water assessments and general repairs must be paid.

Appellant has a son and a daughter, each of whom is married and has children. Neither the son nor the daughter contributes, or is able to contribute, to appellant's support. Appellant also has two brothers and two sisters, whose ages range from fifty-seven to sixty-nine years. They all reside outside the state of Washington, and none of them contributes, or is able to contribute, to appellant's support. Appellant has no other relatives who are legally required to aid in his support or maintenance.

The county commissioners made no investigation of the ability of appellant's children or relatives to aid in his support, but after an informal hearing, at which appellant's attorney and a deputy prosecuting attorney of the county were present, concluded that appellant's status had not changed since the time of his former application, and thereupon held that appellant was not eligible for the relief asked. The complaint alleged that the commissioners failed to give his application due and proper consideration, but wrongfully, unlawfully and arbitrarily rejected his claim. Upon these facts, as stated in the complaint, the court held that they were not sufficient to constitute a cause of action and accordingly sustained the demurrer.

During the pendency of the action and up to the time that this appeal was taken, chapter 102, Laws of 1933, p. 417, above referred to, was in full force and effect.

Section 1 of that act, p. 417 (Rem. 1934 Sup. § 10007-1 [P. C. § 1702-21]), defines a blind person as one whose sight is so defective as to render such person unable to perform the ordinary duties or tasks for which eyesight is essential.

Section 2, p. 417 (Rem. 1934 Sup., § 10007-2 [P. C.

§ 1702-22]), provides that any such blind person who is without means of support, having no relatives whose legal duty it is to provide such support and maintenance, and who, by reason of such blindness, is unable to earn a livelihood, shall be deemed an indigent blind person, within the meaning of the act.

Section 3, p. 417 (Rem. 1934 Sup. § 10007-3 [P. C. § 1702-23]), provides that any such indigent blind person over the age of eighteen years, of good moral character and who has been a *bona fide* resident of the state for four consecutive years next preceding the date of application for aid, or who has become blind while a resident of the state and has been a continuous resident of the state since such loss of sight, *shall be entitled* to the relief provided by the act.

Section 4, p. 418 (Rem. 1934 Sup. § 10007-4 [P. C. § 1702-24]), provides for the filing of claims, hearings thereon, and the proof necessary to establish the claims.

Section 5, p. 419 (Rem. 1934 Sup. § 10007-5 [P. C. § 1702-25]), provides that, if the county commissioners shall be satisfied that the applicant is entitled to the relief prayed for, they shall issue an order therefor, in an amount not to exceed four hundred dollars per annum to be paid quarterly.

Section 8, p. 420 (Rem. 1934 Sup. § 10007-8 [P. C. § 1702-28]), provides that the county commissioners may, in their discretion, appoint certain clerks or representatives for the purpose of investigating the character, qualifications, disability and requirements of such indigent blind persons.

Section 9, p. 420 (Rem. 1934 Sup. § 10007-9 [P. C. § 1702-29]), provides that, for the purpose of creating a fund for the relief of indigent blind persons, the board of county commissioners *shall* levy a tax of one-

fifth of one mill on each dollar of assessed valuation of the property of the county.

Summarizing, in a general way, the provisions of the 1933 act, we observe that its purpose is to afford relief to blind persons over the age of eighteen years, who have the necessary moral and residential qualifications and who are without means of support and without relatives whose legal duty it is to support them; that it is the duty of the county commissioners to provide relief to such applicants as satisfy the board that they are entitled thereto; and that the commissioners are required to levy a specified tax to provide funds for such relief.

This matter coming before us upon the complaint and demurrer alone, the factual allegations of the complaint must be taken as true. Placing the allegations of the complaint in apposition to the provisions of the statute, the pleading establishes the following: That the appellant was an indigent blind person, possessed of all the qualifications necessary to entitle him to apply for relief; that his application was accompanied by the necessary proof of his blindness and indigency; that such proof was sufficient to entitle him to relief under the act, unless from a further investigation or other evidence the board of county commissioners was satisfied that the appellant was not entitled to relief under the act; and that the board made no investigation of the ability of appellant's children or relatives to aid in his support.

The respondents, in their brief, say that the trial court, in sustaining the demurrer, held that the allegations of the complaint showed that the board heard all the evidence; that there was evidence that the appellant was at least partially self-supporting; that he did have relatives legally responsible for his support; that the showing of inability was not by the produc-

tion of witnesses who could be examined and cross-examined, but was by way of affidavits merely; and that therefore the commissioners had the right to deem the proof insufficient.

Whether the court rendered a memorandum or oral opinion at the time of sustaining the demurrer, the record does not disclose. All that is before us is the complaint, the demurrer and the order sustaining the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. Nor is it material what the court may have specifically said in connection with his ruling. The only question before the court then was, and now is, whether the complaint stated a cause of action.

We are in exactly the same position in that respect as the trial court was. If, as respondents say, the board heard all the evidence, then its findings, measured by the allegations of the complaint filed in the superior court, were wholly unwarranted. There was not a whit of evidence before the board, so far as it appears in the complaint, that appellant had relatives whose duty it was to support him. The evidence before the board, as shown by the complaint, was to the contrary and was uncontradicted.

In the next place, the fact that appellant may have been partially self-supporting did not wholly deprive him of the right to relief. The statute does not contemplate, and it would be unconscionable to say, that a man seventy-one years of age and almost totally blind was deprived of the right to relief under the statute merely because he had the ability, aided by the courage, to earn a few pennies a day by selling newspapers.

Again, the statute does not necessarily require the applicant to produce the supporting witnesses before the board. All that it requires is that two reputable residents shall give their evidence in writing and sub-

scribe the same. That was done by affidavits and was sufficient, at least until their evidence was challenged by the board, either as the result of an independent investigation or upon demand that the witnesses be produced for further examination.

And lastly, although the county commissioners should have, and do have, a very wide discretion in such matters, with which the courts will not interfere, they cannot act arbitrarily and capriciously, as the complaint directly charges that they did. Under such circumstances, their action may be reviewed by the court. *State ex rel. Yeargin v. Maschke,* 90 Wash. 249, 155 Pac. 1064; *Rummens v. Evans,* 168 Wash. 527, 13 P. (2d) 26; *Kruesel v. Collin,* 170 Wash. 233, 16 P. (2d) 442.

We do not, of course, assume to say what, in fact, was actually done by the board in the way of an investigation of the claim, or what may actually have occurred in a final hearing before that body, if one was had. We limit ourselves, as we must, to the allegations of the complaint. We are satisfied that the complaint stated a cause of action.

By a supplemental brief, respondents challenge appellant's right to relief under the law as it now exists.

After the appeal had been taken, the legislature passed chapter 106, Laws of 1935, p. 259, entitled "An act pensioning blind persons." The act of 1935 amends certain sections of the 1933 act, but, in so far as the appellant is concerned, the later act is even more favorable to his claim than the earlier one, although that fact is immaterial here. The 1935 act passed the senate February 26, 1935, passed the house March 13, 1935, and was approved by the governor March 20, 1935. The act contained an emergency clause and became effective immediately.

At its 1935 session, the legislature also passed the old age pension law, chapter 182, Laws of 1935, p. 855 (Rem. 1935 Sup., § 9998-1 [P. C. § 4424-31] *et seq.*). That act passed the house on March 12, 1935, passed the senate on March 10, 1935, and was approved by the governor on March 23, 1935. It, likewise, contained an emergency clause and became effective immediately. It will thus be noted that the two acts were being considered contemporaneously by the legislature, and that the old age pension act was approved by the governor only three days after he had approved the act for pensioning blind persons.

Section 3 of the old age pension act provides for assistance to be given to any person who has attained the age of sixty-five years and has been a resident of the state for at least five years within the ten years immediately preceding his application for such assistance, and whose income is inadequate to provide a reasonable subsistence compatible with decency and health.

It is respondents' contention that the act for pensioning blind persons has been repealed by the old age pension act, and that, by reason thereof, appellant's cause of action has ceased to exist.

With this contention, we cannot agree. The old age pension act contains no express repeal of the act for pensioning the blind, and the implication of several of its sections is decidedly contrary to any thought of repeal of the other act. For instance, § 9 of the old age pension act provides that no person receiving old age assistance shall at the same time receive any other relief from the state or from any political subdivision thereof. The implication from this language is that, if the person is *not* receiving old age assistance, he *may* receive such other relief as is otherwise provided and which he may be qualified to receive. Section 22

converts this implication into positive statement. It provides that a person sixty-five years of age, or more, *not* receiving old age assistance under the act, shall not, by reason of his age, be debarred from receiving other public relief and care. There is, of course, nothing in the record before us indicating that appellant is now receiving old age assistance. What may appear upon the trial of the case, is another matter, with which we are not now concerned.

It is worthy of passing note to observe that the old age pension act applies only to persons sixty-five years of age and over, while the act for pensioning the blind applies to persons eighteen years and over. There is thus a class of persons who would be entitled to relief from the county under the latter act, but not from the state under the former. While the appellant might be eligible to take under the old age pension act, he would not be debarred from taking under the act for pensioning the blind so long as he was not receiving old age assistance.

From the practical standpoint, the decision of this case may be unimportant, for, by the time that it is tried, appellant may be receiving aid under the old age pension law, thus depriving him of his right under the act for pensioning the blind. With that, however, we are not now concerned. We limit ourselves to the record presently before us.

The judgment is reversed, with direction to the trial court to overrule the demurrer.

MITCHELL, HOLCOMB, and BLAKE, JJ., concur.