[No. 25883.   Department One.   November 4, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Oliver M. Robbins, Respondent,* v. HARVEY O. SCOFIELD *et al., Appellants.*[1]

*Harry H. Johnston* and *John E. Belcher,* for appellants.

*W. A. Richmond* and *John T. McCutcheon,* for respondent.

TOLMAN, J.—This is an appeal from a judgment of the superior court for Pierce county granting a peremptory writ of mandate directed to the several members of the board of county commissioners of Pierce county, directing that board to issue warrants on the county treasurer to pay to the relator (respondent here) and others similarly situated, a pension of $33.33⅓ per month under the provisions of chapter 106, Laws of 1935, p. 259.

[1]Reported in 50 P. (2d) 1022.

From the pleadings and from the agreed statement of facts, the situation appears to be substantially as follows: The relator is an indigent blind person within the meaning of chapter 102, Laws of 1933, p. 417, Rem. 1933 Sup., § 10007-1 *et seq.*, and chapter 106, Laws of 1935, p. 259. He duly applied for relief as such in December, 1934, under the act of 1933. His application was by the board allowed to the extent of $20 per month, which amount was later increased to $22.50 per month, and, as of May 1, 1935, the pension was further increased to $33.33 per month, under the terms of the 1935 act. The pension was paid as allowed to and including the month of June, 1935. From and after July 1, 1935, no warrants were issued and no payments were made to the relator because the fund from which such warrants were payable was exhausted.

Under chapter 102, Laws of 1933, p. 417, Rem. 1933 Sup., § 10007-1 *et seq.*, the county budget for the year 1935 provided for the raising by taxation of the sum of $4,300 for the relief of the blind, which sum was raised, expended and wholly exhausted in the month of July, 1935.

It seems to be first contended that, as the county budget was adopted with reference to the act of 1933, and as that budget has been exhausted, and as the time had not arrived for the adoption of a budget to meet the increased burdens of the act of 1935, therefore the county commissioners were justified in refusing to issue warrants until they had budgeted and raised a fund for that purpose.

We see no justification for such an argument. The sovereign power of the state, exercised by its legislative department, placed an imperative duty upon the several counties. When the act of 1935 took effect, it was the duty of the county commissioners to comply with its terms by issuing warrants as the law required

and by proceeding in due course to provide the means to maintain the fund out of which the warrants were payable.

■ It is next argued that by the enactment of chapter 118, Laws of 1935, p. 330, Rem. 1935 Sup., § 9992-41 [P. C. § 4418-81] *et seq.*, providing for emergency unemployment relief, the counties have been exempted and excused from all kinds of indigent relief.

We think this contention has been disposed of by what was said in the case of *Smith v. Spokane County*, 183 Wash. 477, 48 P. (2d) 918. Chapter 118, Laws of 1935, p. 330, Rem. 1935 Sup., § 9992-41 [P. C. § 4418-81] *et seq.*, contains no express repeal of the blind pension acts, and nothing therein contained can be held to be a repeal by implication.

■ The third point raised seems to be an attempt to invoke the law of necessity, and the final point, which is raised by the reply brief, is, in effect, that the relief of the indigent blind is not a county purpose and therefore the act of 1935 is unconstitutional.

Both of these questions have been fully considered, exhaustively discussed and clearly decided by this court in the recent case of *Newman v. Schlarb, ante* p. 147, 50 P. (2d) 36.

The case of the indigent blind is in all essential particulars on an equality with the education of the youth of our state. The rights and duties of the state and of the several counties of the state are precisely the same with respect to each problem, and therefore all that is said in the *Newman* case applies here with equal force.

The judgment of the trial court is affirmed.

MITCHELL, STEINERT, GERAGHTY, and BLAKE, JJ., concur.