[No. 26100. Department One. August 10, 1936.]

GEORGE C. SMITH, *Respondent,* v. SPOKANE COUNTY *et al., Appellants.*[1]

*Ralph E. Foley* and *A. O. Colburn,* for appellants. *John H. Roche,* for respondent.

MITCHELL, J.—This is an appeal by the county of Spokane and its commissioners from a judgment, dated January 18, 1936, in favor of George C. Smith, wherein the county commissioners were ordered to determine the lawful and just amount due the plaintiff,

". . . as an indigent blind person, under Chapter 102 of the Laws of the State of Washington for 1933,

[1]Reported in 60 P. (2d) 77.

due from August 3rd, 1934, to August 1st, 1935, but in no case more than Four Hundred Dollars ($400) per year, and that a Warrant shall be issued by said County Commissioners to said plaintiff, to be paid by the County Auditor of Spokane County from the indigent blind relief fund therein provided, or to be provided, by said County Commissioners, if the Commissioners shall find any sum due."

On August 3, 1933, respondent, being at that time just over seventy years of age, applied to the county commissioners for relief under chapter 102, Laws of 1933, p. 417 (Rem. 1933 Sup., § 10007-1 [P. C. § 1702-21] *et seq.*), relating to indigent blind persons. While the application was pending, respondent, on August 6, 1934, renewed it for relief under that act. The application, upon being investigated and considered by the commissioners, was denied. Smith then sued the county and its commissioners to recover under the act. A general demurrer to the complaint was sustained, followed by a judgment dismissing the action. On appeal, that judgment was, on September 5, 1935, reversed, with direction to the trial court to overrule the demurrer. *Smith v. Spokane County,* 183 Wash. 477, 48 P. (2d) 918. Then followed the trial, which resulted in the judgment from which this appeal has been prosecuted.

While the former appeal was pending, chapter 102, Laws of 1933, p. 417, was amended by chapter 106, Laws of 1935, p. 259, having an emergency clause, the act being approved March 20, 1935. This amendatory act makes no change in the law material to the present case.

Also, the legislature, at its session in 1935, enacted chapter 182, p. 855 (Rem. 1935 Sup., § 9998-1 [P. C. § 4424-61] *et seq.*), relating to old age pensions, primarily for needy persons sixty-five years of age or

more, providing April 1, 1935, as the effective date of the act, which act was approved March 23, 1935, three days after the approval of chapter 106, Laws of 1935, p. 259, amending chapter 102, Laws of 1933, p. 417.

It appeared at the present trial that the respondent promptly applied for, and since August 1, 1935, has received, relief under the old age pension act.

On the present appeal, the county makes several contentions, only one of which need be noticed; bearing in mind that, at all times herein mentioned, the respondent was more than sixty-five years of age, and hence within the age limit fixed in the old age pension act. That contention, consisting of three propositions, is as follows: (1) It appears from a consideration of the whole of chapter 102, Laws of 1933, p. 417, and the amendatory act of 1935, relating to relief for indigent blind persons, that one eligible to relief thereunder is not entitled to relief until on and after the effective date of an order of the county commissioners for that purpose; (2) that, while respondent's application for relief under that act was still pending, and without any order allowing it, the old age pension act became effective, under which, since August 1, 1935, the respondent has been getting relief according to the terms of that act; and (3) that, by the terms of § 9, p. 858, of the latter act, it is provided:

"No person receiving old-age assistance grant under this act shall at the same time receive any other relief from the state, or from any political subdivision thereof, except for medical and surgical and hospital care and nursing assistance." (Rem. 1935 Sup., § 9998-9 [P. C. § 4424-69].)

Respondent is not entitled to recover in this action.

200

Judgment reversed, with direction to the superior court to dismiss the action.

MILLARD, C. J., TOLMAN, STEINERT, and GERAGHTY, JJ., concur.