[No. 26355.   *En Banc.*   February 11, 1937.]

THE STATE OF WASHINGTON, *on the Relation of George W. A. Hart, Respondent,* v. FRANCIS J. GLEESON *et al., Appellants.*[1]

*Paul O. Manley,* for appellants.

*J. E. Stewart,* for respondent.

STEINERT, C. J.—This is an appeal from a judgment of the superior court for Grays Harbor county wherein a peremptory writ of mandate was granted directing the county and its board of commissioners forth-

[1]Reported in 64 P. (2d) 1023.

with to investigate relator's application for relief to the blind and to issue and deliver to him warrants upon the county treasury for the amount of relief found to be due, according to law.

The application upon which this proceeding is brought sets forth facts showing that the respondent relator is a blind person within the meaning, and entitled to the benefits, of chapter 106, Laws of 1935, p. 259, Rem. Rev. Stat. (Sup.), § 10007-2 et seq. [P. C. § 1702-22].

Appellants' defense, as disclosed by their answer, was that, for the year 1936, there was levied upon the total assessed value of the property of the county a tax of .2002 mills for the payment of pensions for the blind; that the amount of revenue to be realized from such levy was duly budgeted for the payment of such pensions; that the number of pensions for blind persons already granted by the county would exhaust the budget for that purpose; that appellants could not grant relator's application without exceeding the budget and issuing emergency warrants for the excess; and that, because of other mandatory levies imposed by the statute upon the county, it was impossible for appellants to levy more than .2002 mills for such pensions without seriously curtailing and infringing upon other departments of county government.

The question in this case is whether the defense interposed by appellants is sufficient in law.

Section 2 of chapter 106, Laws of 1935, p. 259 (Rem. Rev. Stat. (Sup.), § 10007-3 [P. C. § 1702-23]) provides that any blind person fulfilling the requirements of that section shall be entitled to the relief provided in the act. Section 4 of the same act (Rem. Rev. Stat. (Sup.), § 10007-5 [P. C. § 1702-25]') provides that, if an applicant be found to be entitled to the pension prayed for, the board of county commissioners shall

issue an order therefor in a sum not less than one hundred dollars per quarter, to be paid monthly from the fund created by the act. Section 7 of the act (Rem. Rev. Stat. (Sup.), § 10007-9 [P. C. § 1702-29]) provides that, in addition to other levies by the county, the board of county commissioners shall also levy a tax of one-fifth of one mill on each dollar of assessed value of the property of the county, such tax to be levied and collected for the purpose of creating a fund for relief of the blind in the county.

The duty which the legislature imposed upon the respective counties of providing relief for the blind to the extent of four hundred dollars per annum per person and issuing warrants in the required amount is mandatory, and the performance of such duty is not excused by the exhaustion of the funds levied and budgeted for that purpose.

In *State ex rel. Robbins v. Scofield*, 184 Wash. 270, 50 P. (2d) 1022, the argument was made, as it is made here, that, the budget had been exhausted. In disposing of that argument, we said:

"We see no justification for such an argument. The sovereign power of the state, exercised by its legislative department, placed an imperative duty upon the several counties. When the act of 1935 took effect, it was the duty of the county commissioners to comply with its terms by issuing warrants as the law required and by proceeding in due course to provide the means to maintain the fund out of which the warrants were payable."

If the levy made by the county to the extent of one-fifth of one mill, as specified by the statute, be insufficient to maintain the fund out of which the warrants are payable, it becomes the duty of the county commissioners to take proper steps to provide means for the maintenance of the fund.

■ The question then naturally arises whether the county commissioners may, for the purpose of providing relief for the blind, levy a tax in excess of one-fifth of one mill. If the duty of furnishing relief for the blind to the extent above indicated be mandatory, it necessarily follows that the county commissioners may, unless positively restrained, levy such amount as may be found necessary to meet the requirements, and that the commissioners are therefore not limited to a levy of one-fifth of one mill. The act does not specifically limit the levy to that amount, and the imperative duty of the commissioners in the matter of providing relief absolves them from any such limitation.

■ The more serious question then arises whether the county commissioners must provide such relief, even to the extent of exceeding the limit of one-fifth of one mill, when to do so would seriously affect other governmental functions.

We are here faced with the same difficulty as was presented in the case of *Newman v. Schlarb,* 184 Wash. 147, 50 P. (2d) 36. We met the situation there as we must meet it here. Although we recognize the well-nigh impossible situation in which the counties have been placed by reason of the mandatory duties imposed upon them and the financial restrictions under which they operate because of tax limitations, those are considerations which must be addressed to the legislative branch of the government, not to the courts. Removal or alleviation of tax limitations upon the county, such as are imposed by initiative measures Nos. 64 and 94, are matters constituting a legislative, not a judicial, process. The legislature having imposed a mandatory duty upon the county with respect to relief for the blind, we must declare the law as it is written. If the necessities of county government call

for a greater measure of taxing power than is now possessed by the county, that power must come from the legislature or from the people. We, as a court, cannot legislate in order to remedy their failure or refusal so to do.

The judgment is affirmed.

MAIN, MILLARD, TOLMAN, HOLCOMB, BEALS, BLAKE, and ROBINSON, JJ., concur.

GERAGHTY, J. (dissenting)—I am constrained to dissent from the majority opinion.

The statutory mandate for payment by the counties of pensions to blind persons is conditioned and limited by the terms of chapter 102, Laws of 1933, p. 420, § 9, as amended by chapter 106, Laws of 1935, p. 262, § 7, reading:

"In addition to the other tax levies by such county, the board of county commissioners shall also levy a tax of one-fifth of one mill on each dollar of assessed value of the property of the county, to be levied and collected in the same manner provided for the assessment and collection of other taxes for the purpose of creating a fund for the relief of blind in the respective counties." Rem. Rev. Stat. (Sup.), § 10007-9 [P. C. § 1702-29].

In this case, Grays Harbor county levied slightly in excess of the one-fifth of one mill required by the statute. As § 9 read before amendment, it required the county commissioners to levy a tax

". . . not exceeding one-fifth of one mill on each one dollar of assessed value of the property of the county, . . . for the purpose of creating a fund for the relief of indigent blind in the respective counties." Laws of 1933, p. 420, § 9.

Taking advantage of this permissive language, some counties had levied only nominal sums for the blind pensions, pleading lack of funds when demands were made upon them by beneficiaries of the act. Such was

the case in *State ex rel. Robbins v. Scofield,* 184 Wash. 270, 50 P. (2d) 1022, cited in the majority opinion.

With the evident purpose of correcting this condition, the 1935 legislature made the levy of the full one-fifth of one mill mandatory. The fixed millage required by the 1935 act should, I think, be regarded as a finding by the legislature of the amount required, in its judgment, to meet the mandatory duty imposed upon the counties. It could be argued with much force that the definite specification of the levy negatived any power in the counties to make a higher levy for the purpose. But even if the statute is construed as permitting a levy in excess of the one-fifth of one mill, the excess levy is optional and not mandatory.