[No. 27149. Department Two. June 17, 1938.]

THE STATE OF WASHINGTON, *on the Relation of Harry J. Boyle, Plaintiff,* v. CHARLES F. ERNST, *as Director of the Department of Social Security, Respondent.*[1]

[1]Reported in 78 P. (2d) 526.

*Mark M. Litchman,* for relator.

*The Attorney General, Harry L. Parr* and *W. A. Toner, Assistants,* for respondent.

BLAKE, J.—The relator seeks a writ of mandate requiring Charles F. Ernst, director of the department of social security, to expend as directed by the provisions of chapter 180, Laws of 1937, p. 697, Rem. Rev. Stat. (Sup.), § 10007-101 [P. C. § 6233-201] *et seq.,* moneys appropriated for the purposes defined in chapter 114, Laws of 1937, p. 452, Rem. Rev. Stat. (Sup.), § 9992-101 [P. C. § 6233-101] *et seq.* (child welfare), chapter 132, Laws of 1937, p. 489 (assistance for blind persons), and chapter 156, Laws of 1937, p. 548, Rem. Rev. Stat. (Sup.), § 9998-3 [P. C. § 6233-153] *et seq.* (old age assistance). He alleges that he is a taxpayer and resident of King county; that respondent has under his control at the present time approximately twenty million dollars, which he is required to expend for the purposes enumerated in the above mentioned acts; that, although demand has been made upon him by persons entitled to relief under such acts, he has refused to expend such money in accordance with such demands; that he has dropped from the lists thou-

sands of persons entitled to relief, and reduced the allotments of thousands of others; that the director assigns, as his reasons for such action, the insufficiency of the remainder of the appropriation to provide relief to all entitled to it under the above mentioned acts until the next session of the legislature, *and that the governor has failed to make allotments sufficient to provide such relief.*

Relator further alleges that, in consequence of such action by the director, the burden of relief is thrown back upon the counties, whose constitutional obligation it has been held to be (*Rummens v. Evans*, 168 Wash. 527, 13 P. (2d) 26); that, in performance of that obligation, King county incurred indebtedness in the month of April in excess of one hundred fifty thousand dollars; that, unless the relief prayed for be granted, it will be necessary for King county, between now and the next regular session of the legislature, to incur indebtedness in the sum of two million dollars, in order to fulfill its constitutional obligation.

The relator further alleges that, under the Federal and state social security program, the state is reimbursed by the United States in various percentages of all moneys paid out for the relief of persons entitled thereto under the above mentioned acts; that King county will not be reimbursed in any amount for moneys paid by it in the fulfillment of its constitutional obligation to care for the needy; that, by reason of such facts, the burden of the taxpayers of King county will be measurably increased.

To the petition, respondent interposed a demurrer, upon which he stands, thus admitting the facts well pleaded.

At the outset, it should be noted that this case is not brought by one entitled to participate in the funds appropriated for the purposes provided for in the above

mentioned acts of the legislature. Hence, such cases as *State ex rel. McDonald v. Stevenson,* 176 Wash. 355, 29 P. (2d) 400; *State ex rel. Frost v. Eaton,* 182 Wash. 7, 44 P. (2d) 803; *State ex rel. Robbins v. Scofield,* 184 Wash. 270, 50 P. (2d) 1022; and *State ex rel. Hart v. Gleason,* 189 Wash. 292, 64 P. (2d) 1023, are not decisive of the present problem. It was held in those cases that persons entitled to blind and old age pensions could resort to mandamus to compel action upon their applications and the issuance of warrants, notwithstanding the appropriations made for their relief were exhausted. Nor, in the solution of our present problem, can we find help in those cases (of which *Rummens v. Evans, supra,* is typical) holding that counties may exceed their constitutional debt limit when necessary to the performance of their obligation to care for the needy.

So, for an answer to the problem presented here, we must turn to the statute itself (chapter 180, Laws 1937), bearing in mind that, in the absence of capricious or arbitrary action, mandamus does not lie to control the discretionary power of administrative or executive officers. *State ex rel. Cowles v. Schively,* 63 Wash. 103, 114 Pac. 901; *Morris v. Favor,* 134 Wash. 75, 234 Pac. 1040.

The administration of the division of public assistance by the department of social security is governed by chapter 180, Laws of 1937. In § 1, p. 697, Rem. Rev. Stat. (Sup.), § 10007-101 [P. C. § 6233-201], the purpose is declared

". . . to establish a single administrative agency which will preserve local autonomy in its administration yet retain the state-wide supervision necessary to equity, uniformity, and the adherence to rules and regulations of the Federal government. . . ."

Pursuant to this declaration, provision is made (§ 2, p. 698, Rem. Rev. Stat. (Sup.), § 10007-102 [P. C.

§ 6233-202]) for the executive head of the department (director) and "administrative board," which "means the Board of County Commissioners in each county."

In § 5, p. 700, Rem. Rev. Stat. (Sup.), § 10007-105 [P. C. § 6233-205], it is provided that administration of public assistance under the act shall conform with such specific acts as have been enacted by the legislature and the Congress with respect to public assistance, including acts for the allocation of Federal grants to aid states whose plans are approved by the Federal government,

" . . . and shall conform with the laws of the State of Washington, and such rules and regulations as are vested in the director of social security in relation to all other public assistance."

By § 6, p. 701, Rem. Rev. Stat. (Sup.), § 10007-106 [P. C. § 6233-206], the state department of social security is empowered to serve as the single state agency in the administration of all public assistance programs originating under the jurisdiction of the Federal government, and to fix uniform standards for all public assistance, and to effect uniform observance of such standards throughout the state, provided that such standards shall be in conformity with the Federal social security act and the laws of the state pertaining to public assistance. By the same section, the director is empowered

" . . . to exercise such other and further supervision of all public assistance activities as may reasonably seem necessary to effective administration of this act;"

and the duty is imposed upon him

" . . . *to examine and approve quarterly budgets submitted by the respective boards of county commissioners, and to budget such funds as may be deemed necessary to the administration of this act* . . ." (Italics ours.)

Section 7, p. 702, Rem. Rev. Stat. (Sup.), § 10007-107 [P. C. § 6233-207], provides that each board of county commissioners shall serve as an administrative board for all matters relating to public assistance in their respective counties, and as such shall

". . . *prepare quarterly in advance a budget adequate to provide to the inhabitants of that county the benefits and services of public assistance under the provisions of this act. . . .*" (Italics ours.)

Section 18, p. 708, Rem. Rev. Stat (Sup.), § 10007-118 [P. C. § 6233-218], provides:

"There is hereby appropriated from the general fund for the biennium ending April 1, 1939, the sum of $43,394,000.00, or as much thereof as may be available and necessary for carrying out the provisions of this act: *Provided, That no expenditure shall be made herefrom except upon allotments approved by the Governor.*" (Italics ours.)

While we have not attempted to summarize all the administrative provisions of the act, we think the foregoing is sufficient to demonstrate that relator's petition is deficient in at least two particulars: (1) It contains no allegations that the administrative board of King county has submitted to the director a quarterly budget, as provided for in § 7, or that the director has failed to examine and approve such a budget; (2) it contains the positive allegation that the governor has failed to make allotments sufficient to provide relief.

*First:* We have suggested the insufficiency of the petition in failing to allege refusal of the director to examine and approve quarterly budgets, merely to distinguish *State ex rel. Draham v. Yelle,* 175 Wash. 33, 26 P. (2d) 622, upon which relator puts much reliance. In that case, the court granted, upon the application of the county welfare board, set up under chapter 8, Laws of 1933, p. 103, Rem. Rev. Stat. (Sup.), § 9992-1 [P. C.

§ 4418-41] *et seq.,* a writ of mandate to the state auditor requiring him to issue a warrant upon the state emergency relief fund (chapter 65, Laws 1933, p. 336, Rem. Rev. Stat. (Sup.), § 9992-35 [P. C. § 4418-75] *et seq.*), in favor of Thurston county, for expenses incurred pursuant to the provisions of the former act. That the principle applied in that case is inapplicable to the facts of the instant case, is apparent. The principle there laid down would be apposite if King county were here alleging that the director was arbitrarily and capriciously refusing to examine and approve a quarterly budget, assuming for the moment that, in such case, the refusal of the governor to make allotments would not be an insurmountable obstacle.

■■ *Second:* But, aside from what we have just said with respect to the quarterly budget contemplated by §§ 6 and 7, we think the allegation that the governor has refused to make allotments is conclusive against relator's right to a writ of mandate, in view of the proviso in § 18 of the act. Relator apparently recognizes the obstacle presented by the proviso, for he argues at considerable length that it is unconstitutional. While he urges five points in support of his position, they may be grouped under two heads:  (1) Inconsistency of the proviso with the Federal social security act and social assistance program; (2) unconstitutional delegation of legislative power.

We think that both positions are without foundation. As to the first contention, it will suffice to say that, by necessary implication, it appears from relator's petition that the Federal administration has approved chapter 180, Laws of 1937. That being so, it is not for us to assume that the proviso is inconsistent with the Federal social security act or public assistance program. With respect to the second contention—of necessity the legislature must delegate to executive and administrative

officers the power to expend state funds. It may and does set up such safeguards and limitations as it may deem expedient—as in this instance, where it has prohibited expenditures except upon quarterly budgets approved by the director, and from allotments made by the governor. Should the court, in face of these statutory provisions, grant the writ sought, its decree would amount to nothing short of usurpation of legislative power and the assumption of executive and administrative functions.

Writ denied.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.