469 P.2d 826

SCHOOL DISTRICT NO. 26 (BOUSE ELEMENTARY) OF YUMA COUNTY, Arizona, and Ed Hall, Lewis W. Brafford, and Wayne Arrington, constituting the Board of Trustees of School District No. 26 (Bouse Elementary) of Yuma County, Arizona, Appellants,

v.

Glen H. STROHM, Ramon Avila, and A. E. Graham, constituting the Board of Supervisors of Yuma County, Arizona, Appellees.

No. 9806.

Supreme Court of Arizona, In Banc.

May 27, 1970.

Gust, Rosenfeld & Divelbess, by Jane Rex Greer, Phoenix, for appellants.

Ronald F. Jones, Yuma, Yuma County Atty., for appellees.

STRUCKMEYER, Vice Chief Justice.

This action in mandamus was brought by School District No. 26 of Yuma County, Arizona to compel the Board of Supervisors of Yuma County to authorize, sell and issue bonds of the School District in the amount of $50,000.00. The court below entered a judgment denying the School District relief, and this appeal followed.

On August 5, 1969, two elections were held in School District No. 26 seeking authority for the issuance of $50,000.00 of School Improvement Bonds of the District. The propositions were the same in both elections, the difference being that in one all the qualified electors of the District voted, whereas in the other only qualified electors who were real property taxpayers of the District were permitted to vote. In each election a majority affirmatively voted for the issuance of the bonds of the District. The school board duly canvassed the election results and, pursuant to Statute A.R.S. § 15–1304, certified the proceedings, requesting the Board of Supervisors of Yuma County to authorize, sell and issue the bonds. The Board of Supervisors, however, refused, and this petition in mandamus was brought.

By the Constitution of Arizona, Article 7, § 13, A.R.S., questions upon bond issues must be submitted to the vote of real property taxpayers who must also be in all respects qualified electors of the State and of the political subdivision affected. Qualified electors of the school district are those persons who are registered electors of the State and residents of the school district for six months. Webb v. Dixon, 104 Ariz. 473, 455 P.2d 447.

On June 16, 1969, the Supreme Court of the United States decided two cases, Kramer v. Union Free School District No. 15, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583, and Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647. Both decisions held that voting limitations which permitted only property taxpayers to exercise the electoral franchise violated the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. In an effort to avoid any possible conflict between Article 7, § 13, the Statute A.R.S. § 15–1302(D), reiterating the constitutional provision, and the

Fourteenth Amendment as construed in Kramer and Cipriano, the School District called a dual election. Because of the favorable result, that is, both propositions having passed affirmatively by a majority of voters, the School District adopted the position that if the Constitution of Arizona, Article 7, § 13 violated the Equal Protection Clause of the Fourteenth Amendment, then the election at which all qualified residents of the district were permitted to vote duly authorized the issuance of the School District improvement bonds.

The court below was of the opinion that Article 7, § 13 and A.R.S. § 15–1302(D) violated the Fourteenth Amendment. While we have previously approved bond elections held pursuant to Article 7, § 13, see Morgan v. Board of Supervisors, 67 Ariz. 133, 192 P.2d 236, it is unnecessary to reach this question posed by the trial court ruling. The court below also held "that the election wherein all qualified persons were allowed to vote whether they were real property taxpayers or not was of no force or effect as there is no constitutional or statutory provision authorizing such an election."

The 29th Legislature, in the second regular session, by Chapter 55, Senate Bill 34, passed an Act relating to bond elections as an emergency measure, which Act was approved by the Governor on April 20, 1970 and has been effective from that date. The Act, insofar as it affects this case, provides that if a court of final jurisdiction holds a statute or state constitutional provision which restricts voting in an election to real property taxpayers is violative of the Federal Constitution, any other election *which would have been valid under the court's decision* shall be deemed a valid election for the purpose of authorizing any bonds pursuant to Title 15, Chapter 13, Article 1, of the Arizona Revised Statutes. We think the language of Senate Bill 34 controls the decision before us.

The Federal constitutional questions under the Fourteenth Amendment need not be reached in this litigation, for the Arizona enactment is plainly intended to be retrospective in its application. Where the legislative action does not interfere with vested rights, there may be enacted retrospective statutes to validate, ratify or confirm any act which the Legislature might have authorized in the first instance. Palmcroft Development Company v. City of Phoenix, 46 Ariz. 200, 49 P.2d 626. Since the legislation is retrospective, a decision on the constitutional question is unnecessary. Constitutional issues will not be determined unless squarely presented in a justiciable controversy, Arizona Corporation Commission v. Tucson Gas, Electric Light and Power Company, 67 Ariz. 12, 189 P.2d 907, or unless a decision is absolutely necessary in order to determine the merits of the suit. Hart v. Bayless Investment & Trading Company, 86 Ariz. 379, 346 P.2d 1101; County of Maricopa v. Anderson, 81 Ariz. 339, 306 P.2d 268.

If the election at which only real property taxpayers were permitted to vote does not violate the Fourteenth Amendment to the Federal Constitution, then the election is legal and valid. But, if the election is void as unconstitutional under the Fourteenth Amendment, then the election at which all qualified electors of the School District voted is a legal election, having been retrospectively validated and ratified by the Arizona Legislature. The Yuma County Board of Supervisors cannot now refuse to issue the bonds. One or the other of the elections is valid, and it is immaterial which, for a lawful proceeding antedates the issuance of the bonds. Any bonds sold will be a valid, binding and legal obligation of the School District.

The judgment of the Superior Court of Yuma County is reversed with directions that it enter a peremptory Writ of Mandamus commanding the Yuma County Board of Supervisors to authorize, sell and issue School District Improvement Bonds of School District No. 26 in the amount of $50,000.00 in the manner as provided by law.

LOCKWOOD, C. J., and UDALL, McFARLAND, and HAYS, JJ., concur.