470 P.2d 107

Howard **HEIMKE** and Juanita Heimke,
his wife, Appellants,

v.

**Robert Lopez MUNOZ** and Gilbert M. Munoz,
parent of Robert Lopez Munoz, Appellees.

No. 9968–PR.

Supreme Court of Arizona,
In Banc.

May 27, 1970.

Skousen, McLaws & Skousen, by Richard E. Skousen, Mesa, for appellants.

Fennemore, Craig, von Ammon, Mc-Clennen & Udall, by Kenneth L. Tucker, Phoenix, for appellees.

STRUCKMEYER, Vice Chief Justice.

Howard Heimke and his wife, Juanita, brought this action as plaintiffs against Robert Lopez Munoz to recover damages for personal injuries sustained in an automobile accident. From a jury's verdict for the defendant and the judgment entered thereon, plaintiffs have appealed. The Court of Appeals, while expressing reservations, nonetheless followed the majority opinion in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444. We accepted review. Opinion of the Court of Appeals, 11 Ariz.App. 126, 462 P.2d 819, vacated and judgment of the Superior Court reversed.

At the time of the accident the plaintiff, Howard Heimke, was driving a motor vehicle in which his wife was a passenger. Their vehicle was struck from the rear by an automobile driven by defendant Munoz. Both Heimkes were injured; Juanita more severely than her husband. The Superior Court instructed the jury on the law of imputed negligence in this manner:

"Inasmuch as the plaintiffs in this action are husband and wife, if you should find that either one was negligent and that such negligence contributed as a proximate cause of the accident, *then*, under our law, *neither one may recover*, although one may have been wholly innocent of any negligent conduct." (Emphasis supplied.)

We agree with defendant that the instruction as an impersonal legal proposition is a correct statement of the law. In Arizona, damages for personal injuries to either spouse are community property. That a guilty party may not profit from his wrong, the negligence of one spouse is imputed to the other. Tinker v. Hobbs, 80 Ariz. 166, 294 P.2d 659; Pacific Construction Co. v. Cochran, 29 Ariz. 554, 243 P. 405; and see 21 A.L.R.3d 469, Anno. Contributory Negligence of Spouse or Child as Bar to Recovery of Collateral Damages Suffered by Other Spouse or Parent.

However, the instruction plainly violates the Constitution of Arizona, Article 18, § 5 A.R.S. This nearly anomalous state constitutional provision, similar only to that found in Oklahoma, takes from the court all control of the defense of contributory negligence. It reads:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

Article 18, § 5 does not mean that the defense of contributory negligence is a question of fact *which shall be left to the jury*. While some words are frequently used as different parts of speech, "and" is seldom used other than as a conjunction to connect words or groups of words of equal rank. It is never used as a relative pronoun, e. g., who, whom, which or that, to introduce a subordinate adjective clause. Article 18, § 5 is a simple sentence with a compound predicate, the word "defense" being the subject noun of a double predicate. As such, grammatically it means that the defense of contributory negligence shall always be a question of fact, *and* the defense of contributory negligence shall at all times be left to the jury.

This Court by a long line of decisions under a variety of circumstances has held that the purpose of Article 18, § 5 was to modify the common law by making the jury rather than the court the sole arbiter of the existence or non-existence of contributory negligence. Alabam Freight Lines v. Phoenix Bakery, Inc., 64 Ariz. 101, 166 P.2d 816, and cases cited. *This includes not alone the right to determine the facts, but to apply or not, as the jury sees fit, the law of contributory negligence as a defense.*

Seven years after statehood, this Court cited to and quoted from Chicago, R. I. & P. R. Co. v. Cole, 251 U.S. 54, 40 S.Ct. 68, 64 L.Ed. 133 (1919). There, Justice Holmes reviewed a judgment of the Supreme Court of Oklahoma construing the identical Oklahoma constitutional section. The idea that the railroad had a vested right to the defense of contributory negligence as it existed under the common law was disposed of perfunctorily by pointing to the decisions in the Arizona Employers' Liability Cases, 250 U.S. 400, 39 S.Ct. 553, 63 L.Ed. 1058, 6 A.L.R. 1537, holding that the defense of assumption of risk may be taken away altogether. To the argument that legislation cannot change a standard of conduct which is a matter of law by its nature into a matter of fact, Holmes replied that the material element in the Oklahoma constitutional enactment " * * * is not that it called contributory negligence fact but that it left it wholly to the jury." The Federal constitutionality of the Oklahoma enactment was approved with these statements which this Court quoted one year later in Inspiration Consolidated Copper Co. v. Conwell, 21 Ariz. 480, 190 P. 88 (1920):

"There is nothing, however, in the Constitution of the United States or its Amendments that requires a State to maintain the line with which we are familiar between the functions of the jury and those of the Court. It may do away with the jury altogether, (citation), modify its constitution, (citation), the requirements of a verdict, (citation), or the procedure before it. (Citations) As it may confer legislative and judicial powers upon a commission not known to the common law, (citation), it may confer larger powers upon a jury than those that generally prevail. Provisions making the jury judges of the law as well as of the facts in proceedings for libel are common to England and some of the States, and the controversy with regard to their powers in matters of law more generally * * * (citations), shows that the notion is not a novelty." 251 U.S. at 56, 40 S.Ct. at 69.

Palpably, Article 18, § 5 confers larger powers upon the jury than generally prevail.

In Inspiration Consolidated Copper Co. v. Conwell, supra, the uncontradicted evidence established that Conwell had actual and positive knowledge of the dangerous defects out of which the accident arose. The court, two members of which had been members of the Constitutional Convention,[1] rejected the argument that the trial court should have granted the defendant a new

---

1. On December 5, 1910, after an extended discussion of Section 2 of Proposition No. 88, the following occurred on the floor of the Constitutional Convention: "Mr. Franklin (Alfred Franklin, later a Justice of this Court): I move that Section 2 of Proposition No. 88 be stricken out, and that the provision read by the gentleman from Cochise, Mr. Cunningham (Donald L. Cunningham, later a Justice of this Court), from the Oklahoma constitution be inserted in lieu thereof. I am willing to support that, but I cannot support this.

Mr. Baker (Albert C. Baker, later a Justice of this Court and author of the opinion in Inspiration Consolidated Copper Co. v. Conwell): I second the motion. Mr. President: You have heard the motion. Are you ready for the question? Those in favor will answer aye; opposed will answer no. Call the roll. Roll call showed 26 ayes and 21 nays. Mr. President: The amendment is carried."
Journal of the Constitutional Convention, page 6, December 5, 1910.

trial on the ground that the verdict was contrary to the evidence, saying:

"We are therefore called upon to determine for the first time in this jurisdiction, the scope and effect of the constitutional provision. The language of the provision is plain and unambiguous, and to our minds clearly indicates that the power or duty to finally *and conclusively* settle the question of contributory negligence or assumption of risk is, by its terms, transferred from the court to the jury. If this is not the force and effect of the provision, we can conceive of no reason why the framers of the Constitution should have adopted the measure. We think that the evident purpose and intent of the provision is to make the jury the sole arbiter of the existence or nonexistence of contributory negligence or assumption of risk in all actions for personal injuries." (Emphasis supplied) 21 Ariz. at 486–487, 190 P. at 90–91.

Later, this Court, in the case of Salt River Valley Water Users' Association v. Berry, 31 Ariz. 39, 250 P. 356 (1926), again cited to Chicago, R. I. & P. R. Co. v. Cole, supra, saying:

"Under the common law, if plaintiff's negligence entered into and formed part of the efficient or proximate cause of the injury, it defeated his right of action. Now, it does not, except upon the say-so of the jury. Clearly and unmistakably, this power has been given to the jury * * *." 31 Ariz. at 47, 250 P. at 358.

Clearly and unmistakably, the defense of contributory negligence does not defeat a plaintiff's recovery unless the jury says it shall.

The meaning of the Arizona Constitution, Article 18, § 5 was not seriously questioned until Layton v. Rocha, supra, a period of nearly thirty-six years, although many statements had been made reiterating that the Constitution takes away from both the trial and appellate courts the right to determine whether, as a matter of either law or fact, the evidence shows that con-

tributory negligence exists. See, e. g., Campbell v. English, 56 Ariz. 549, 110 P.2d 219 (1941); Dennis v. Stukey, 37 Ariz. 299, 294 P. 276 (1930). In Layton v. Rocha, supra, the defendant requested an instruction to the effect that, if the jury found there was contributory negligence, its verdict *must* be for the defendant. The request was refused. On appeal, this Court held that the trial court did not err, bluntly stating:

"Even though the undisputed evidence shows that plaintiff's negligence did as a fact contribute to the injury the jury *may* find in favor of the plaintiff and this court cannot direct a new trial. (Citations omitted.) In other words, the court should advise the jury what, under the law, amounts to contributory negligence but it is deprived of the power to instruct the jury as to what its verdict must be. Defendant requested a *must* instruction. To this he was not entitled under these authorities." 90 Ariz. at 370–371, 368 P.2d at 445. (Emphasis in original)

To those who are still not reconciled to the idea that the majority members of the Constitutional Convention preferred to place their trust in the good sense of twelve ordinary men, we can only say that it is now nearly six decades too late to cast a vote with the twenty-one nays.

Prior to the Constitutional Convention, the status of contributory negligence under the common law was, in Arizona as elsewhere, that if it affirmatively appeared in the case, irrespective of the degree of negligence of the plaintiff and of the magnitude of the risk to which defendant exposed him, the court directed the verdict of the jury against the plaintiff. Only if the evidence of the plaintiff's concurrent negligence was substantially conflicting would the contributory negligence fact be left for resolution to the jury, and then with an instruction that if the jury found contributory negligence it was its duty—it must—return a verdict for the defendant. Herzberg v. White, 49 Ariz. 313, 66 P.2d 253;

and see Kilpatrick v. Superior Court, 105 Ariz. 413, 466 P.2d 18, Footnote 1.

■ Under the language of Article 18, § 5, that the defense of contributory negligence shall at all times be left to the jury, the trial court cannot direct a verdict even though the plaintiff's negligence is undisputed, and the trial court must not, directly or indirectly, tell the jury that it shall return a verdict compatible with the law of contributory negligence as declared by the court. While the jury should be instructed as to the law of contributory negligence, so that it may apply the defense if it sees fit, the court cannot peremptorily require the jury to follow such instructions in arriving at a verdict in the case. It is, therefore, obvious that the trial court's instruction on imputed negligence violates Article 18, § 5, and that this cause must be reversed and remanded for a new trial.

■ We note a tendency, see Kelch v. Courson, 103 Ariz. 576, 447 P.2d 550, and Evans v. Pickett, 102 Ariz. 393, 430 P.2d 413, to instruct the jury that if it finds contributory negligence "the law would leave them (the parties) where it finds them." Such an instruction is expressly disapproved. The Constitution is part of the law of the State. It does not leave the parties where it finds them.

■ Defendant asserts that the plaintiffs waive their right to claim error in this Court by refusing to permit the trial judge to read a correct instruction to the jury. The circumstances are these: Plaintiffs objected to the defendant's proposed imputed negligence instruction on the grounds that it violated Article 18, § 5 prior to its being read to the jury, and the trial court indicated that the instruction would be modified. Nevertheless, through inadvertence, the instruction was given as quoted. At the conclusion of the court's instructions to the jury, counsel for plaintiffs indicated to the court that he did not know how the instruction could now be corrected but that he wished to renew his objection. Counsel for defendant then suggested that the instruction be repeated in a corrected form; to which plaintiffs stated that this would only emphasize that particular aspect of the litigation. We think it sufficient to say that a party cannot be put to a choice of two evils, neither of which is of his making. We do not find a waiver of the error under these circumstances.

■ Plaintiffs also raise a question as to whether certain comments during the trial by defense counsel were of a prejudicial nature. The comments to which plaintiffs allude are principally statements of fact made in the presence of the jury which do not otherwise appear in the record. They were plainly improper. Since this case must be reversed, it is unnecessary to dwell further on the matter, except to point out that they raise a serious question as to the fairness of the trial.

It is ordered that the judgment of the Superior Court be reversed with direction to grant plaintiffs a new trial.

LOCKWOOD, C. J., and McFARLAND and HAYS, JJ., concur.

NOTE: Justice JESSE A. UDALL, having disqualified himself, did not participate in the consideration of this matter.