488 So.2d 739 (1986)
John NOVAK, Plaintiff-Appellant,
v.
LAMAR INSURANCE COMPANY; Lutheran Benevolent Insurance Company; and Trinity Universal Insurance Company of Kansas, Defendants-Appellees.
No. 17758-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
Writ Denied July 1, 1986.
*740 McLeod, Swearingen, Verlander & Dollar by Robert P. McLeod and Elmer G. Noah, III, Monroe, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh by Thomas G. Zentner, Jr., Monroe, for defendant-appellee, Lutheran Benevolent Ins. Co.
Davenport, Files & Kelly by Thomas W. Davenport, Jr., Monroe, for defendant-appellee, Trinity Universal Ins. Co. of Kansas.
Before JASPER E. JONES, FRED W. JONES, Jr., and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
Plaintiff, participant in a church-sponsored softball league, sustained injuries in a game and sued for damages. From a judgment rejecting his demands plaintiff appealed. For the reasons explained, we affirm.
Two of the league teams met under the auspices of the Monroe Recreation Department. During the play in question Novak was the first baseman for his team and Fitts was batting for the opposing team. Fitts hit a grounder down the third base line. The ball was fielded and poorly thrown to Novak at first base. Novak was off-balance in fielding the throw, and the instant he caught it was struck in the face by Fitts who was racing for first base. Novak suffered facial injuries. He sued Fitts, the latter's father's homeowners insurer, and the liability insurer of the church which sponsored Fitt's team.
A participant in a game or sport assumes all of the risks incidental to that particular activity which are obvious and foreseeable. A participant does not assume the risk of injury from fellow players acting in an unexpected or unsportsmanlike way with a reckless lack of concern for others participating. Bourque v. Duplechin, 331 So.2d 40, 42 (La.App. 3rd Cir. 1976).
In an excellent written opinion the trial judge made the following fact-findings:
"Fitts was a fast runner; and batting left-handed he was a step or two closer to first than a right-hander would be. Although the throw was not launched from behind Fitts and he did not interfere with the flight of the ball, plaintiff was facing more toward home than third while awaiting the throw, with his left foot in contact with the inside corner of the base, so that the ball in flight was passing between home plate and the pitcher's mound. While there was considerable discrepancy among the witnesses as to the height of the ball when it reached plaintiff, it clearly was not a wild throw and plaintiff was not obliged to alter his position appreciably to catch it.
"According to virtually all witnesses including plaintiff, he began to rise or straighten and `pivoted' his upper body toward home while still in contact with first base and immediately upon catching the ball and hearing the umpire's `out' call. At that instant, Fitts arrived at first; and some part of his left arm came into contact *741 with plaintiff's face as the latter `pivoted' to his left. All of the evidence seems clearly to reveal that the blow was directly into plaintiff's nose and mouth, not from the side or to the side of his face.
"While stating that he had played baseball or softball for several years and knew the dangers of playing first base, and also saying he had been trained to `come off' the base toward the infield upon completing a play so as to reduce danger of collision, plaintiff admitted he did not do so on this occasion. Rather, he was raising up and turning or `pivoting' his head and upper body while still in contact with the base.
"Fitts, meanwhile, was obliged to be at least partially inside the base line (at least, one foot was necessary) in order to touch the base. As is customary, he intended to run across the bag; but as he was almost there, he said he caught a flash of the thrown ball reaching plaintiff. However, the play was so close that he could not stop or substantially vary his route.
"From these facts, the Court concludes that Fitts could not have been substantially inside the base line, as some witnesses testified. Since he did not stretch out appreciably to take the throw, still had his left foot in contact with the base and was straightening up and `pivoting' while in that position, plaintiff placed his head quite near the base. Fitts could have been, and most probably was, approximately astride the base line and his left arm or side most probably was slightly to the infield side of the bag. Since there is no evidence of any contact with any other part of plaintiff's body than his face, it seems apparent that the final event which resulted in the collision was plaintiff's act of raising up and `pivoting' his head toward home, not a substantial invasion of his `space' by Fitts.
"A runner must touch the base, and there is nothing illegal or unsportsmanlike in being partially inside the base line at the bag. The closer the play, the more likely a collision; and the runner is not obliged to sacrifice himself or `surrender' an out by running outside the line to avoid collision with a fielder in close proximity to the base. Accordingly, the closer the play, the more wary and self-protective the fielder must be to catch the ball while in contact with the base so as to remove himself with dispatch, sometimes almost by reflex.
"Such a play occurred here; and Fitts was not negligent. The situation was simply an inherent part of the game; and both players assumed the risk of just such a collision if they played the game competitively and with maximum diligence. Moreover, plaintiff failed to attempt that evasive action which he admitted he had been coached to do."
We are unable to conclude, from our examination of the record, that the trial judge was clearly wrong in his fact-finding. Since Fitts did not act in an unexpected or unsportsmanlike way with a reckless lack of concern for Novak, the collision which occurred between the two players was foreseeable and a risk which Novak assumed. The trial judge correctly denied liability and we affirm his judgment, at appellant's cost.