780 P.2d 1387

**Lloyd SCHWAB and Cindy Schwab, husband and wife, Plaintiffs/Appellants,**

v.

**Therese MATLEY, an unmarried woman, Defendant/Appellee.**

No. 2 CA–CV 88–0044.

Court of Appeals of Arizona, Division 2, Department A.

March 10, 1988.

Opinion of March 10, 1988 Vacated On Motion for Reconsideration May 10, 1988.

Review Granted Oct. 18, 1988.

Law Offices of Douglas C. Fitzpatrick by Douglas C. Fitzpatrick, Sedona, for plaintiffs/appellants.

Jones, Skelton & Hochuli by Don C. Stevens, II, Phoenix, for defendant/appellee.

OPINION

HOWARD, Presiding Judge.

This is an appeal from a motion to dismiss in a personal injury action involving a shooting that took place in a tavern in Yavapai County. Appellants allege that appellee, the owner of the tavern, was negligent in serving two intoxicated persons and allowing them to remain on the premises. The two persons in question were ap-

pellant Lloyd Schwab and his assailant, Earl Barnabee.

The shooting occurred on September 23, 1985. The lawsuit was not filed until almost one year later, September 10, 1986. In the meantime, the legislature enacted A.R.S. § 4–312, which became effective about one month prior to the filing of the lawsuit. This statute changed the law relative to actions against tavern owners. It provides:

"A. A licensee is not liable in damages to any consumer or purchaser of spirituous liquor over the legal drinking age who is injured or whose property is damaged, or to survivors of such a person, if the injury or damage is alleged to have been caused in whole or in part by reason of the sale, furnishing or serving of spirituous liquor to that person. A licensee is not liable in damages to any other adult person who is injured or whose property is damaged, or to the survivors of such a person, who was present with the person who consumed the spirituous liquor at the time the spirituous liquor was consumed and who knew of the impaired condition of the person, if the injury or damage is alleged to have been caused in whole or in part by reason of the sale, furnishing or serving of spirituous liquor."

The trial court applied A.R.S. § 4–312 and granted appellee's motion to dismiss. Appellants' only argument in the trial court and here is that A.R.S. § 4–312 cannot be retroactively applied to affect substantive rights.

■ No statute is retroactive unless the statute expressly says it is. A.R.S. § 1–244. A statute is not retroactive unless it affects a vested right. *Hall v. A.N.R. Freight System, Inc.*, 149 Ariz. 130, 717 P.2d 434 (1986). Appellants' cause of action was not vested prior to the enactment of A.R.S. § 4–312 because appellants had not yet filed their lawsuit. See *Hall v. A.N.R. Freight System, Inc.*, supra. The trial court's decision did not constitute a retroactive application of A.R.S. § 4–312.

Affirmed.

LACAGNINA, C.J., and
HATHAWAY, J., concur.

## ON MOTION FOR RECONSIDERATION

HOWARD, Presiding Judge.

Appellants have moved to file an untimely motion for reconsideration. We grant the motion pursuant to Rule 3, Rules of Civil Appellate Procedure, 17A A.R.S., for good cause.

■ Our opinion in this case was based upon the assumption that the effective date of A.R.S. § 4–312 was August 13, 1986. This is the date shown by West Publishing Company and the publication department of the Secretary of State's office. This was also considered to be the effective date by counsel and the trial court. It is incorrect, as was discovered by recently associated counsel for appellants when she called the referendum department of the Secretary of State's office. That office gave the effective date of the statute as September 12, 1986, two days *after* this lawsuit was filed. Pursuant to Article 4, part 1, § 1(3) of the Arizona Constitution, the effective date ordinarily would have been August 13, 1986, 90 days after the legislature's adjournment *sine die*. However, that *date* was stayed pending the validation of petition signatures which had been timely filed under the referendum portion of our Constitution. Ariz. Const. art. 4, pt. 1, § 1, (4). See also *Alabam's Freight Co. v. Hunt*, 29 Ariz. 419, 242 Pac. 658 (1926). The proposed referendum would have submitted A.R.S. § 4–312 to a vote by the people had enough signatures been secured. It was not until September 11, 1986, that it was determined that there were insufficient signatures. Thus, A.R.S. § 4–312 did not become effective until September 12, 1986.

For the foregoing reason the opinion is vacated and the case is remanded to the superior court for further proceedings.

LACAGNINA, C.J., and
HATHAWAY, J., concur.