788 P.2d 1226

**Douglas GUNNERSON, Plaintiff/Appellant,**

v.

**Leroi GUNNERSON and Lois Gunnerson, husband and wife, Defendants/Appellees.**

**No. 2 CA-CV 89-0119.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 7, 1989.

As Corrected Dec. 13, 1989.

Review Denied April 3, 1990.

---

Albert E. Van Wagner, Jr., Phoenix, for plaintiff, appellant.

Oplinger, Barker & Howard by Richard H. Oplinger and Daniel A. Barker, Tempe, for defendants, appellees.

## OPINION

LIVERMORE, Presiding Judge.

In this appeal by plaintiff from a verdict in his favor, reduced by a finding of comparative negligence, three errors are asserted. One of them is well taken. Accordingly, we reverse.

At the conclusion of the case, the trial court instructed the jury that if it found that plaintiff was contributorily negligent it "must" specify the amount of such negligence.[1] The effect of this was to mandate application of contributory negligence if such negligence was found to exist. As such, the instruction violates Ariz. Const. art. 18 § 5, 1A A.R.S. *Gosewisch v. American Honda Motor Co.*, 153 Ariz. 400, 737 P.2d 376 (1987); *Heimke v. Munoz*, 106 Ariz. 26, 470 P.2d 107 (1970). *Heimke* teaches that it is improper to instruct the jury that, having found contributory negligence, it must give such finding the effect of barring plaintiff's suit. Logically it must also be improper to mandate that such a finding must reduce the plaintiff's award. In neither case may a trial judge direct the jury to give a particular effect to the finding.

1. Plaintiff requested the following Recommended Arizona Jury Instruction:
   The defendant claims that the plaintiff was contributorily negligent. In considering this defense, you must decide:
   (1) was the plaintiff negligent?
   (2) If so, was the plaintiff's negligence a cause of the plaintiff's injury?
   If your answer to either of the above questions is "no," then the defense of contributory negligence does not apply.
   If your answer to both of the above questions is "yes," [then you should decide whether, under all the circumstances of this case, the plaintiff's contributory negligence should reduce the plaintiff's damages. That decision is left to your sole discretion.

Because the other issues may not arise on retrial, we do not reach them.

Reversed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.

If you decide to apply the defense of contributory negligence,] you must then do the following:
First, determine the full amount of plaintiff's damages.
Second, determine the relative degrees of fault of each party.
The court will then calculate the reduction of plaintiff's full damages in accordance with your determination of plaintiff's relative degree of fault.
The bracketed material followed the holding of *Heimke* and should have been given.