793 P.2d 1088

**Lloyd SCHWAB and Cindy Schwab, husband and wife, Plaintiffs/Appellants,**

v.

**Therese MATLEY, an unmarried woman, Defendant/Appellee.**

No. CV–88–0337–PR.

Supreme Court of Arizona,
En Banc.

April 5, 1990.

The Langerman Law Offices by Amy G. Langerman, Richard W. Langerman, Phoenix, and Law Offices of Douglas C. Fitzpatrick by Douglas C. Fitzpatrick, Sedona, for plaintiffs, appellants.

Jones, Skelton & Hochuli by Don C. Stevens, II, Phillip H. Stanfield, Larry J. Cohen, Gary H. Burger, Phoenix, for defendant, appellee.

O'Dowd, Burke & Lundquist by Robert E. Lundquist, Tucson, for amicus curiae.

## OPINION

FELDMAN, Vice Chief Justice.

This case comes to us for review of a court of appeals opinion reversing a trial court's order dismissing a personal injury action. The trial court dismissed pursuant to A.R.S. § 4–312(A), which modifies the common law liability of tavernkeepers. The issues presented illustrate the tension between legislative attempts to suppress or control the assertion of damage claims and Arizona's constitutional provisions protecting such claims.

We have jurisdiction under Ariz.Const. art. 6, § 5(3) and A.R.S. § 12–120.24. We granted review to determine the constitutionality of the statute in question. *See* Rule 23, Ariz.R.Civ.App.P., 17B A.R.S.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff Lloyd Schwab (Schwab) and Earl Barnaby (Barnaby) entered a tavern owned by defendant, Therese Matley (Mat-

ley), in Yavapai County on September 23, 1985. Schwab alleges that Matley was negligent in serving the two men and in allowing them to remain on the premises. He claims because he and Barnaby became intoxicated, they argued, and, while standing in the parking lot, Barnaby shot and injured Schwab, who was standing near the front door of the tavern.

The shooting occurred on September 23, 1985, and Schwab sued Matley almost one year later. In the interim, the legislature enacted A.R.S. § 4–312(A), which, in pertinent part, provides that a liquor licensee who negligently furnished liquor to a customer "is not liable" for injuries sustained by either the customer or anyone accompanying the customer "who knew of the impaired condition of the person [served]."[1]

The statute became effective August 13, 1986, approximately eleven months after Schwab was injured and almost thirty days before he filed the negligence action. Matley moved to dismiss Schwab's claim, asserting the protection of the statute. Schwab argued that the law prohibited such a retroactive application of the statute. See A.R.S. § 1–244. Disagreeing, the trial court granted Matley's motion to dismiss. Schwab appealed. After first rejecting Schwab's arguments, the court of appeals concluded that because a referendum petition had been filed to challenge A.R.S. § 4–312, the effective date of the statute had been delayed until September 12, 1986, the day on which the referendum petition

was invalidated by the secretary of state. *Schwab v. Matley,* 162 Ariz. 46, 47, 780 P.2d 1387, 1388 (1988) (opinion on motion for reconsideration). The court of appeals thus reversed the trial court's judgment, concluding that the statute declaring Matley "not liable" was not in effect when the tort action was filed, even though the referendum petition was subsequently found void for lack of sufficient valid signatures. *Id.*

■ Matley petitioned this court to review the court of appeals' opinion, and Schwab timely filed a cross-petition challenging the statute under Ariz.Const. art. 18, § 6 and art. 2, § 31. *See* Rule 23(a), Ariz.R.Civ.App.P., 17B A.R.S. We granted review; believing that the statute in question also implicated the protections guaranteed under article 18, § 5, we ordered supplemental briefing and heard oral argument. Because of our disposition of this case, we need not address the other challenges.[2]

## DISCUSSION

### A. Dram Shop Liability

Prior to 1983, an Arizona seller of alcoholic beverages who negligently furnished alcohol to a customer was not liable for resulting "dram shop" type injury. *See, e.g., Collier v. Stamatis,* 63 Ariz. 285, 162 P.2d 125 (1945); *Pratt v. Daly,* 55 Ariz. 535, 104 P.2d 147 (1940).

1. The relevant portion of the statute reads as follows:

**§ 4–312. Liability limitation**

A. A licensee is not liable in damages to any consumer or purchaser of spirituous liquor over the legal drinking age who is injured or whose property is damaged, or to survivors of such a person, if the injury or damage is alleged to have been caused in whole or in part by reason of the sale, furnishing or serving of spirituous liquor to that person. A licensee is not liable in damages to any other adult person who is injured or whose property is damaged, or to the survivors of such a person, who was present with the person who consumed the spirituous liquor at the time the spirituous liquor was consumed and who knew of the impaired condition of the person, if the injury or damage is alleged to have been caused in whole or

in part by reason of the sale, furnishing or serving of spirituous liquor.

2. The constitutional issue on which we decide the case was squarely presented by the facts and is a recurring issue in other, similar cases. It was specially briefed, argued, and thoroughly explored. Resolving the non-constitutional issues might enable us to avoid reaching the constitutional issues, but would leave us with those same issues to be decided in other pending cases. Principles of judicial economy, therefore, dictate that we consider and decide this case on the issue specially briefed and argued.

In so doing, we do not create "potential confusion about the resolution" of the non-constitutional issues. *See* concurrence at 164 Ariz. at 425, 793 P.2d 1092. Our conclusion that disposition under article 18, § 5 makes resolution of the other issues unnecessary means only that those issues are not decided.

The rule of tavernkeepers' nonliability was based on concepts of foreseeability and proximate cause. In first holding tavernkeepers not liable for injuries that resulted from their negligence in serving impaired or underage patrons, we stated:

> [I]t has been held by all the courts and by every commentator that the proximate cause, *as the expression is understood in the law of torts*, of the resultant effects arising from voluntary intoxication is the act of the drinker, and not the seller of the beverage.

*Collier*, 63 Ariz. at 290, 162 P.2d at 127 (emphasis added).

In 1983, we disapproved of *Collier* and *Pratt*, holding that the "common law doctrine of tavern owner non-liability is abolished in Arizona." *Ontiveros v. Borak*, 136 Ariz. 500, 513, 521, 667 P.2d 200, 213, 221 (1983); *Brannigan v. Raybuck*, 136 Ariz. 513, 521, 667 P.2d 213, 221 (1983). We held that the rule in Arizona was that

> [t]avern owners and other licensed sellers in Arizona will be under a duty of care and may be held liable when they sell liquor to an intoxicated patron ... under circumstances where the licensee ... know[s] or should know that such conduct creates an unreasonable risk of harm to others who may be injured either on or off the premises. [Footnote omitted.] If the duty of care is breached, the seller will be liable for the damage caused by his negligence.

*Ontiveros*, 136 Ariz. at 513, 667 P.2d at 213.

Our holdings in *Ontiveros* and *Brannigan* simply abolished the judicially created doctrine that as a matter of law principles of causation prohibited imposing liability on a negligent seller of alcoholic beverages. Indeed, the former rule had never been uniformly applied. Even before *Ontiveros* and *Brannigan*, it had been the common law rule in Arizona that a tavernkeeper could be liable if his negligence in operating his establishment led to one of his patrons injuring another. *See, e.g., McFarlin v. Hall*, 127 Ariz. 220, 619 P.2d 729 (1980).

Section 4–312 partially overturns both *Ontiveros* and *McFarlin* by declaring that the licensee cannot be held liable for his or her negligence in furnishing alcohol to any customer who was served or to any person who was present when the customer was served and who knew of the customer's impaired condition. The statute, in effect, declares that because the person injured had engaged in certain conduct—drinking or being present with one who drank—the person injured may not recover.

■ Thus, the challenge to the statute raises an issue not considered in either *Ontiveros* or *Brannigan*, nor, for that matter, in *McFarlin* or any previous case. May the legislature enact a statute declaring that the conduct of a particular category of persons injured by the negligence of another shall be a bar to recovery of damages?

Schwab claims the statute violates article 18, § 5 of the Arizona Constitution, which provides as follows:

> The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury.

This court has previously considered the purpose and intent of the framers in enacting article 18, § 5. We have stated that:

> Prior to the Constitutional Convention, the status of contributory negligence under the common law was, in Arizona as elsewhere, that if it affirmatively appeared in the case, irrespective of the degree of negligence of the plaintiff and of the magnitude of the risk to which defendant exposed him, the court directed the verdict of the jury against the plaintiff. Only if the evidence of the plaintiff's concurrent negligence was substantially conflicting would the contributory negligence fact be left for resolution to the jury, and then with an instruction that if the jury found contributory negligence it was its duty—it must—return a verdict for the defendant. [Citations omitted.]

> Under the language of Article 18, § 5, that the defense of contributory negligence shall at all times be left to the

jury, the trial court cannot direct a verdict even though the plaintiff's negligence is undisputed, and the trial court must not, directly or indirectly, tell the jury that it shall return a verdict compatible with the law of contributory negligence as declared by the court. While the jury should be instructed as to the law of contributory negligence, so that it may apply the defense if it sees fit, the court cannot peremptorily require the jury to follow such instructions in arriving at a verdict in the case.

*Heimke v. Munoz*, 106 Ariz. 26, 29–30, 470 P.2d 107, 110–11 (1970); *see also Layton v. Rocha*, 90 Ariz. 369, 368 P.2d 444 (1962).

Thus, we have held that an instruction telling the jury that the defendant is not liable *if the facts establish contributory negligence* contravenes the state constitution. *Gosewisch v. American Honda Motor Co., Inc.*, 153 Ariz. 400, 406, 737 P.2d 376, 382 (1987). If A.R.S. § 4–312(A) deals with contributory negligence or assumption of the risk, it has an even more serious effect on constitutional rights than a judge's peremptory instruction to the jury. The statute is in effect a peremptory instruction to the judge that the case must be dismissed if the facts establish the defense of contributory negligence—that the plaintiff was drinking or knowingly accompanied one who had been drinking.

We note, of course, that article 18, § 5 is not addressed just to trial judges. The framers' language is, instead, quite broad and phrased in mandatory terms. The "defense . . . shall in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury." As we have previously held, this means that the jury, and only the jury, is given the duty and privilege to determine whether the facts establish contributory negligence and whether, if they do, the defense should be applied. *Layton*, 90 Ariz. at 370–71, 368 P.2d at 445.

Matley argues, however, that the statute does not deal with contributory negligence or assumption of the risk. Instead, she contends, the statute deals with the question of duty and simply declares that the tavernkeeper has no duty toward one who

knowingly accompanies the patron. We disagree. First, the statute clearly deals with the antecedent conduct of the person injured, providing that the one who causes the injury "shall not be liable." If there is a difference between this and contributory negligence, we are unable to perceive it, nor can Matley articulate it. The reason is apparent: "Contributory negligence is conduct on the part of the plaintiff, contributing as a legal cause to the harm he has suffered,. . . ." PROSSER AND KEETON ON THE LAW OF TORTS § 65, at 451 (5th ed. 1984). Of course, the common law defense was a complete defense, barring any recovery by a plaintiff who had been contributorily negligent. *Id.* at 452–53. The doctrine arose, as perhaps did the statute, from "distrust of the [supposedly] plaintiff-minded jury." *Id.* at 452.

Matley's argument fares no better if we analyze the common law defense of assumption of the risk, which also barred recovery. Again, Matley claims the statute deals with duty, not assumption of the risk. Assumption of the risk as a defense, however, always "rest[ed] upon the idea that the defendant [was] relieved of any duty toward the plaintiff." *Id.* at 451. The very basis of the doctrine was that the plaintiff had expressly or impliedly consented to the defendant's negligent conduct, "the legal result [being] that the defendant is simply relieved of the duty which would otherwise exist." *Id.* § 68, at 481.

We conclude, therefore, that what Matley describes as a legislative rule that no duty exists toward those who overindulge or accompany those who overindulge is simply a shorthand method of describing the traditional common law defenses of contributory negligence and assumption of the risk. Any lawyer defending the tavernkeeper and wishing to plead that the action must fail because the plaintiff consumed too much alcohol or remained in the zone of danger of one who had done so, would plead the defense under the rubric of contributory negligence or assumption of the risk. *Id.* § 65, at 451–52.

■ Such defenses, "in all cases," are questions of fact for the jury (article 18, § 5), and we have held that the trial judge is forbidden, therefore, to dismiss on the grounds that contributory negligence or assumption of the risk exists as a matter of law. *See Layton.* Certainly, if such issues must always be left to the jury so litigants will be protected from actions of the judiciary, the constitutional provisions must also apply to legislative enactment requiring such dismissal, or the protections provided by the constitution would be meaningless.

Thus, while the argument that the legislature has simply abolished the tavernkeeper's duty has an ingenious ring to it, it too fails to withstand scrutiny. If the legislature could abolish the recognized common law duties of care, the provisions of article 18, § 5 would have no meaning at all.

### CONCLUSION

The statute constitutes nothing more than a legislative codification of the doctrine of contributory negligence and assumption of the risk. We hold that it therefore violates article 18, § 5 and is void.

The opinion of the court of appeals is vacated. The judgment of the trial court is reversed. The cause is remanded for further proceedings consistent with this opinion.

GORDON, C.J., and MOELLER, J., concur.

CAMERON, J., recused himself and did not participate in the determination of this matter.

CORCORAN, Justice, concurring in part:

I agree with the majority that A.R.S. § 4–312(A) violates article 18, § 5 of the Arizona Constitution. I disagree with the majority that this is the case in which we should decide that issue. Sound jurisprudence dictates that we dispose of this case on the nonconstitutional grounds discussed below, particularly when our failure to do so leaves potential confusion about the resolution of those issues.

Two threshold procedural issues were presented in both the trial court and the court of appeals that might have allowed us to resolve this case without addressing the constitutional issue. Both of those procedural issues were among the ones on which we granted review. The majority ignores resolution of these issues:

1. Does A.R.S. § 4–312(A), which was effective August 13, 1986, apply to a lawsuit that was filed after that date even though the cause of action arose in 1985?

2. If so, did the filing of a defective referendum petition challenging A.R.S. § 4–312(A) operate to delay the effective date of the statute until after the complaint had been filed in this case, making the statute inapplicable?

This court normally avoids determination of a constitutional issue if we can decide the case on other grounds. *See State v. Yslas,* 139 Ariz. 60, 63, 676 P.2d 1118, 1121 (1984); *School Dist. v. Strohm,* 106 Ariz. 7, 9, 469 P.2d 826, 828 (1970). This case could have been resolved by addressing the above two issues on their merits.

The trial court applied a statute that was effective in August 1986 to bar a cause of action that arose in September 1985. I believe the trial court made an erroneous retroactive application of A.R.S. § 4–312(A) to this case by granting the motion to dismiss. *See* A.R.S. § 1–244; *see also Carrillo v. El Mirage Roadhouse,* 164 Ariz. 364, 367–368, 793 P.2d 121, 124–125 (1990) (A.R.S. § 4–312 did not apply retroactively to a July 1985 occurence). The court of appeals initially agreed that the statute applied because the complaint was filed after the statute's August 1986 effective date. *See Schwab v. Matley,* 162 Ariz. 46, 47, 780 P.2d 1387, 1388 (App.1988) (*vacated on reconsideration, id.*). I believe the court of appeals erroneously concluded that the cause of action was not "vested" prior to filing of the complaint; this was a misapplication of our decision in *Hall v. A.N.R. Freight System, Inc.,* 149 Ariz. 130, 717

P.2d 434 (1986). On reconsideration, the court of appeals concluded that the effective date of the statute had been delayed, pending the invalidation of a defective referendum petition, until September 12, 1986, and that because the complaint had been filed prior to that date, the statute did not apply. *See Schwab v. Matley,* 162 Ariz. at 47, 780 P.2d at 1388 (opinion on reconsideration). I believe the court of appeals reached the right result in ultimately concluding that the statute did not apply to this case, but erroneously reasoned that the statute was not in effect on the date the complaint was filed as a result of the pending referendum petition.

Because I conclude that the statute does not retroactively apply to this lawsuit, I agree with the majority's disposition of this case in reversing the trial court's dismissal order, vacating the court of appeals' decision, and remanding the case for further proceedings. However, because I believe the statute does not apply to this case, I disagree with the majority that the constitutional issue was "squarely presented" in this case. Furthermore, I am troubled, that in reaching the constitutional issue, the majority has created the impression that it first considered and rejected these threshold procedural issues. A casual reader of this opinion and that of the court of appeals on rehearing might think that this court has implicitly held as follows: (1) that the applicable law was that in effect on the date the complaint was filed rather than that in effect on the date the alleged injuries occurred; and (2) that a defective referendum petition can somehow automatically delay the operative effective date of a statute. Neither of these principles is approved in the majority opinion, and this case should not be cited as precedent for either.

I realize that this court has no "case or controversy" requirement analogous to the restriction imposed on federal courts by the United States Constitution. *See* U.S. Const. art. III, § 2, cl. 1. However, we have long recognized the wisdom of exercising judicial restraint from deciding issues not squarely before us, to insure that we do not issue mere advisory opinions.

*See Big D Constr. Co. v. Court of Appeals,* 163 Ariz. 560, 789 P.2d 1061 (1990); *In re Strobel,* 149 Ariz. 213, 216, 717 P.2d 892, 895 (1986); *State v. B Bar Enter., Inc.,* 133 Ariz. 99, 101 n. 2, 649 P.2d 978, 980 n. 2 (1982). I do not agree that we should address the constitutionality of a statute in a case to which it does not apply simply because it was briefed and argued. I also do not believe the constitutional issue on which the majority decision is based was one that would have otherwise escaped review if not decided here; surely the statute would be challenged by those having causes of action arising after its effective date. I would therefore have preferred to exercise judicial restraint in this case and decide the merits of the procedural issues, rather than the constitutionality of the statute.