838 P.2d 1348

Genaro **PETOLICCHIO** and Nellie Petolicchio, husband and wife, and surviving parents of Gerald Petolicchio, Plaintiffs/Appellants,

v.

**SANTA CRUZ COUNTY FAIR AND RODEO ASSOCIATION, INC.,** an Arizona corporation; William Sinclair and Sharon Sinclair, husband and wife, individually and as employees and agents of liquor licensee Santa Cruz County Fair and Rodeo Association, Inc.; Mitchell T. Mattox, a single man, individually and as an employee of Santa Cruz County Fair and Rodeo Association, Inc., Defendants/Appellees.

No. 2 CA–CV 91–0220.

Court of Appeals of Arizona, Division 2, Department A.

April 14, 1992.

Review Granted on Issue I and Denied on Issue II Nov. 3, 1992.

---

Gonzales and Villarreal, P.C. by Richard J. Gonzales and Joan C. Calcagno, Tucson, for plaintiffs/appellants.

Bury, Moeller, Humphrey & O'Meara by David C. Bury, Tucson, for defendants/appellees.

## OPINION

HOWARD, Judge.

This is an appeal from the granting of a motion to dismiss a wrongful death action. For the reasons stated below, we reverse.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted admits the truth of the facts alleged therein for the purposes of the motion. *Roberts v. Spray*, 71 Ariz. 60, 223 P.2d 808 (1950). Motions to dismiss for failure to state a claim are not favored and should not be granted except when it appears certain that the plaintiff would not be entitled to relief under any state of facts susceptible of proof under the claim stated. *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 667 P.2d 1304 (1983). With these prin-

ciples in mind we turn to the allegations of the first amended complaint.

Appellants alleged that Sharon Sinclair, the manager in charge of the liquor inventory and security for the Santa Cruz County Fair and Rodeo Association, Inc. (Association), was advised by the Santa Cruz County Sheriff's Office that her son, Mitchell T. Mattox, also an employee of the Association, was using her keys to gain access to the Association liquor inventory and was taking and distributing liquor to other high school classmates. The complaint also alleged that Sinclair did nothing to stop her son's activity and that on May 31, 1989, Mattox, Raymond Dupont and the deceased, Gerald Petolicchio, all high school students, were in an automobile being driven by Dupont and were under the influence of alcohol from liquor that Mattox had taken from the Association when Dupont, traveling at 80 m.p.h., lost control of the automobile which crashed and killed Petolicchio. The amended complaint also alleged that the Association was negligent in failing to supervise and control its employees, Sinclair and Mattox, thus allowing them to cause liquor to be furnished to minors.

Appellees filed a motion to dismiss which was granted by the trial court on the ground that A.R.S. § 4–312(B) requires dismissal and on the ground that the negligent conduct of the appellees in allowing Mattox to steal liquor was too remote to the negligent conduct of Dupont in getting drunk with the stolen liquor and thereafter driving the automobile in a negligent manner. Appellants contend the trial court erred because A.R.S. § 4–312(B) is unconstitutional when applied to the facts of this case and because the result of appellees' negligence was foreseeable and was an issue for the jury.

In *Ontiveros v. Borak*, 136 Ariz. 500, 667 P.2d 200 (1983), the supreme court abolished the common law doctrine of tavern owner nonliability and held that tavern owners and other licensed sellers in Arizona will be under a duty of care and may be held liable when they sell liquor to an intoxicated patron or customer under cir-

cumstances where the licensee or his employees know or should know that such conduct creates an unreasonable risk of harm to others who may be injured either on or off the premises. The court's abolition of the common law doctrine led to the legislature's enactment in 1986 of A.R.S. §§ 4–311 and 4–312. The former makes a licensee liable for damage and injuries or wrongful death if it sells spirituous liquor either to a person who is obviously intoxicated or to a person under the legal drinking age without requesting identification containing proof of age or with knowledge that the person was under the legal drinking age. Subsection A of A.R.S. § 4–312 was declared unconstitutional in *Schwab v. Matley*, 164 Ariz. 421, 793 P.2d 1088 (1990). Subsection B states:

> Subject to the provisions of subsection A of this section and except as provided in § 4–311, a person, firm, corporation or licensee is not liable in damages to any person who is injured, or to the survivors of any person killed, or for damage to property which is alleged to have been caused in whole or in part by reason of the sale, furnishing or serving of spirituous liquor.

The issue is whether this section violates Arizona Const. art. 18 § 6 (the anti-abrogation clause) when applied to licensees. The clause provides: "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation." The anti-abrogation clause protects all common law principles and causes of action, and not just those that existed in 1912 when the Arizona Constitution was adopted. *Boswell v. Phoenix Newspapers, Inc.*, 152 Ariz. 9, 730 P.2d 186 (1986) *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1954, 95 L.Ed.2d 527 (1987); *Humana Hospital v. Superior Court*, 154 Ariz. 396, 742 P.2d 1382 (App.1987). When *Ontiveros* was decided in 1983 it became the common law in Arizona. See *Boswell v. Phoenix Newspapers, Inc.*, supra. The anti-abrogation clause applies to the legislators' attempt to limit the liability of licensees through A.R.S. § 4–312(B).

Appellees argue that there was no common law on this subject in Arizona before A.R.S. § 4–312(B) was enacted because there was no case which held the licensee liable under a fact situation similar to the one here. This argument is unpersuasive. We do not believe the facts in this case must be identical to those in *Ontiveros.* The important factor is that *Ontiveros* eliminated the immunity of tavern owners and licensees. The trial court erred in holding that A.R.S. § 4–312(B) granted immunity to appellees.

 This brings us to the issue of foreseeability. The test for whether conduct is negligent is whether there is a foreseeable risk of injury from the conduct. *Markowitz v. Arizona Parks Board,* 146 Ariz. 352, 706 P.2d 364 (1985). A negligent party is not relieved of liability simply because he could not have foreseen the manner in which the accident occurred, including the negligent intervention of third parties. *Rossell v. Volkswagen of America,* 147 Ariz. 160, 709 P.2d 517 (1985) *cert. denied,* 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986). We believe reasonable men could differ as to whether it was foreseeable that allowing Mattox to take liquor and give it to his high school friends created a risk that by imbibing the liquor the minors could cause serious injuries to themselves or to others. This issue must be resolved by the trier of fact.

Reversed and remanded for further proceedings consistent with this opinion.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.