932 P.2d 1364

**Terrilyn ESTES and Rick Estes, husband and wife, Plaintiffs–Appellants,**

v.

**Ronald TRIPSON and Jane Doe Tripson, husband and wife, Defendants–Appellees.**

**No. 1 CA–CV 95–0408.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 25, 1997.

**94**

Robbins, Shumway & Foreman by G. Lynn Shumway, Phoenix, for Plaintiffs–Appellants.

Lewis and Roca, L.L.P. by Susan M. Freeman and Anthony J. Blackwell, Phoenix, for Defendants–Appellees.

## OPINION

FIDEL, Presiding Judge.

This personal injury suit arises from an accidental injury in a company softball game. Plaintiff Terrilyn Estes was catching for one team; Defendant Ronald Tripson was running the bases for the other; as Tripson ran toward home plate, Estes awaited a throw to tag him out. Crossing the plate, Tripson

stepped on Estes's outstretched leg, fracturing her tibia and fibula. Tripson did not slide or deliberately collide with Estes. Nor did he recklessly or intentionally step on her leg. Estes claims, however, that Tripson had the time and opportunity to avoid her leg and was negligent because he failed to do so.

The trial court awarded summary judgment to Tripson, finding that, even if Tripson was negligent, simple negligence is not actionable among participants in recreational sports. We affirm summary judgment for a different reason.

■ Some authorities have held, as the trial court held, that only reckless or intentional torts are actionable among participants in sports. This approach, however, is constitutionally problematic in Arizona, as it is grounded, explicitly or implicitly, in a judicial application of assumption of risk as a dispositive negligence defense. *See Mazzeo v. City of Sebastian*, 550 So.2d 1113, 1116 (Fla.1989) (a voluntary participant in sports assumes certain risks inherent to that sport and relieves a co-participant of liability for injurious contact within those risks); *Novak v. Lamar Ins. Co.*, 488 So.2d 739, 740 (La.Ct.App.1986) ("A participant in a game or sport assumes all of the risks incidental to that particular activity which are obvious and foreseeable."); *Marchetti v. Kalish*, 53 Ohio St.3d 95, 559 N.E.2d 699, 703–04 (1990) (participants in sports activities assume the ordinary risks of such activities including the negligence of co-participants).

■ To judicially apply assumption of risk as a dispositive defense in Arizona would violate article 18, section 5 of the Arizona Constitution, which provides:

> The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury.[1]

Under article 18, section 5, the jury is "sole arbiter of the existence or non-existence" of contributory negligence and assumption of risk, and alone decides whether to apply those doctrines or not as it sees fit. *Heimke*

1. The legislature has placed the identical language in our comparative negligence statute, 

Ariz.Rev.Stat. Ann. § 12–2505(A) (Supp.1996).

*v. Munoz*, 106 Ariz. 26, 28, 470 P.2d 107, 109 (1970); *see Brannigan v. Raybuck*, 136 Ariz. 513, 518, 667 P.2d 213, 218 (1983). It is constitutionally forbidden for Arizona courts to enter summary judgment for a defendant on the ground of assumption of risk. *Brannigan*, 136 Ariz. at 518, 667 P.2d at 218.

Some courts have attempted, after adopting comparative negligence, to retain assumption of risk as a complete sports injury defense by recasting it as a no-duty rule. *See Knight v. Jewett*, 3 Cal.4th 296, 11 Cal. Rptr.2d 2, 834 P.2d 696, 706 (1992) (assumption of risk frames the duty of care owed by a participant in a sporting event); *Turcotte v. Fell*, 68 N.Y.2d 432, 510 N.Y.S.2d 49, 502 N.E.2d 964, 968 (1986) (assumption of risk is a measure of a fellow participant's duty of care).

■ Such a reformulation, however, would not escape the constitutional constraints of article 18, section 5. In *Schwab v. Matley*, 164 Ariz. 421, 793 P.2d 1088 (1990), our supreme court struck down a statute that attempted to relieve tavernkeepers of dram shop liability to persons who knowingly remain in the danger zone of an intoxicated tavern patron. The statute violated article 18, section 5 in attempting to establish contributory negligence or assumption of risk as a complete defense as a matter of law. *Id.* at 424, 793 P.2d at 1091. Further, the court held that it would not relieve this constitutional impediment to construe the statute as one that "deals with the question of duty and simply declares that the tavernkeeper has no duty toward one who knowingly accompanies the patron." *Id.* A no-duty rule of that kind, according to the court, was merely a "shorthand" application of contributory negligence or assumption of risk. *Id.* The court explained:

> Assumption of the risk as a defense . . . always "rest[ed] upon the idea that the defendant [was] relieved of any duty toward the plaintiff." [W. Page Keeton et al., PROSSER AND KEETON ON THE LAW OF

TORTS § 65, at 451 (5th ed.1984).] The very basis of the doctrine was that the plaintiff had expressly or impliedly consented to the defendant's negligent conduct, "the legal result [being] that the defendant is simply relieved of the duty which would otherwise exist." *Id.* at § 68, at 481.

*Id.; see also* RESTATEMENT (SECOND) OF TORTS § 496A, cmt. c (1965) (when a plaintiff is held to have assumed the risk by "enter[ing] voluntarily into some relation with the defendant which he knows to involve the risk, . . . the legal result is that the defendant is relieved of his duty to the plaintiff.") According to *Schwab*, whether assumption of risk is asserted as a defense or recast as a no-duty rule, it remains subject to article 18, section 5. *See Schwab*, 164 Ariz. at 424, 793 P.2d at 1091.[2]

■ This does not mean, however, that we are constitutionally obliged to send this case forward to a jury. We may assume for the purpose of disposition that Tripson owed Estes the common duty "to act reasonably in the light of foreseeable and unreasonable risks." *Rogers v. Retrum*, 170 Ariz. 399, 400, 825 P.2d 20, 21 (App.1991). The question follows whether there is evidence from which a jury could reasonably conclude that Tripson violated such a duty. As we stated in *Rogers*:

> Not every foreseeable risk is an unreasonable risk. It does not suffice to establish liability to prove (a) that defendant owed plaintiff a duty of reasonable care; (b) that an act or omission of defendant was a contributing cause of injury to plaintiff; and (c) that the risk of injury should have been foreseeable to defendant. The question whether the risk was unreasonable remains.

170 Ariz. at 402, 825 P.2d at 23.

■ Whether a risk is unreasonable depends substantially on the context. In a recent softball injury case, the Supreme Court of New Jersey examined the context of

2. We agree, of course, with our concurring colleague that there is no constitutional constraint upon an Arizona court's general power to determine in a negligence action whether one party owed a duty to another. *Schwab* makes it plain, however, that a court may not escape the proscription of article 18, section 5 against declaring assumption of risk as a matter of law by reformulating assumption of risk as a no-duty rule.

the risks that participants face in recreational sports:

> In many recreational sports, softball included, some amount of physical contact is expected. Physical contact is an inherent or integral part of the game in many sports. The degree of physical contact allowed varies from sport to sport and even from one group of players to another. In addition, the physicality of sports is accompanied by a high level of emotional intensity [, which also varies] from sport to sport and from game to game.

*Crawn v. Campo,* 136 N.J. 494, 643 A.2d 600, 605 (1994) (citations omitted).

■ According to affidavits from the home plate umpire and an outfielder who observed the collision, Tripson ran the bases in an "ordinary and typical" manner. Estes does not claim otherwise. Nor does Estes assert that Tripson intentionally or recklessly stepped on her leg; nor does she contest the assertion by observers that Tripson attempted to avoid her leg. Estes asserts only that Tripson could have avoided her leg and that his failure to do so was negligent. We disagree.

■ Although we ordinarily leave questions of negligence or unreasonable risk to juries to decide, the courts retain authority to set "outer limits." *Rogers,* 170 Ariz. at 402, 825 P.2d at 23 (citation omitted). It is appropriate to do so here. There is no evidence that Tripson did anything as a baserunner to increase or exacerbate the inherent risks that Estes faced as a catcher in a softball game. As a baserunner intent on scoring, Tripson simply did not act negligently—did not *breach* a duty of reasonable care under the circumstances—in failing to perceive or make minute adjustments in his course that might have avoided contact with a catcher attempting to tag him out. To hold otherwise would unreasonably chill participation in recreational sports.

The summary judgment granted by the trial court is affirmed.

SULT, J., concurs.

LANKFORD, Judge, concurring.

I concur with the majority. I write separately to state that, in my view, our opinion does not indicate that the Arizona Constitution prohibits the judiciary from either declaring whether a duty in tort exists or defining the extent of a duty. The fact that a duty question can be cast in the language of contributory negligence or assumption of risk does not necessarily mean that the constitution prevents the courts from answering the question.

Nor do I believe that *Schwab v. Matley* should be read so broadly. *Schwab* rested principally on an interpretation of a statute, holding that the legislation addressed contributory negligence rather than duty. 164 Ariz. at 424, 793 P.2d 1088. While the court also said that the legislature cannot "abolish the recognized common law duties of care," *id.* at 425, 793 P.2d 1088, that proscription is found in another constitutional provision. *See* Art. 18, § 6. When the issue is not whether an historic duty at common law can be erased by legislation, but is instead whether the common law recognizes a duty, the constitution does not bar the courts from performing their basic function of declaring the law.